RUTH EDWARDS *v.* CITY OF NEW LONDON ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 25086

Memorandum filed March 30, 1960

*Washton & Vogt,* of New London, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for defendants Auto Battery & Electric Company, William J. McCourt and Mary M. Fresher.

*Edmund J. Eshenfelder,* of New London, for the named defendant.

TROLAND, J. The complaint asserts two causes of action: first, a claim against the city of New London that an accumulation of old oil, grease and debris on the sidewalk in front of 95 Truman Street in said city constituted a defect in the sidewalk and that the city failed to perform its statutory duty to protect travelers against said condition; and secondly, a claim against the individual defendants for the creation and maintenance of a nuisance on the said sidewalk by so using their adjoining premises that oil and grease would accumulate and run from the said premises onto the sidewalk from time to time and that on February 18, 1957, a fresh accumulation of oil and grease had run from said premises onto the sidewalk and over the old accumulation of oil, grease and debris, creating a hazardous condition, so that the sidewalk was a nuisance.

The causes of action are separately stated each in one count. Under authority of *Veits* v. *Hartford,* 134 Conn. 428, 437, it would appear that the causes of action are properly joined, except that there is only one claim for relief.

There is no claim made that the alleged defective condition of the sidewalk was created by the city. The city cannot be held liable under the count alleging maintenance of a nuisance. *Fabrizi* v. *Golub,* 134 Conn. 89, 99. It seems clear that the plaintiff could have properly joined these causes of action in one complaint, as the plaintiff did in *Veits* v. *Hartford,* supra, by claiming in the alternative that the individual defendants were liable because they created or maintained the nuisance, or that if the proof failed to show any wrongful conduct on their part which was a cause of the condition of the sidewalk, the city was liable under the statute. Lacking this claim in the alternative, the complaint is improper and the joinder of causes is wrongful.

The demurrer is therefore sustained.

It appears that in the count against the city, there is no allegation that the plaintiff was in the exercise of due care, which also makes said count vulnerable to demurrer, although this question was not raised.