CHRISTOPHER D. OZMUN *v.* J. WILLIAM BURNS,
COMMISSIONER OF TRANSPORTATION, ET AL.
(7469)

BORDEN, SPALLONE and JACOBSON, Js.

Argued May 3—decision released June 5, 1989

*Douglas G. Farber,* for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom was *Robert M. Derosier* and, on the brief, *Richard A. Ferris,* for the appellee (named defendant).

JACOBSON, J. The plaintiff appeals from a partial judgment rendered on behalf of the named defendant,[1] after the trial court granted his motion to dismiss. The plaintiff claims that the court erred (1) in concluding that the notice given to the defendant was insufficient to satisfy the requirements of General Statutes § 13a-144,[2] and (2) in not allowing the jury to decide whether the notice was sufficient under the statute. We find no error.

---

[1] The partial judgment did not pertain to the defendant town of Simsbury. In this opinion "the defendant" refers to the named defendant.

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

The record discloses the following facts. On July 26, 1985, the plaintiff was riding a bicycle on Route 10 in Simsbury; the bicycle struck a hole in the roadway, the plaintiff was thrown from the bicycle, and was injured. Pursuant to General Statutes § 13a-144, on October 3, 1985, the plaintiff gave written notice of the occurrence to the defendant, describing the nature of his injuries, and the time, date and location of the accident. This appeal is addressed to the sufficiency of the description of the accident's location.

The notice sent to the defendant stated that the accident occurred as a result of a defect in the highway "in the vicinity of the Ensign Bickford Company between the traffic lights. The defect consisted of a hole approximately 206 inches south of a telephone pole at the Ensign Bickford visitors' parking sign and approximately ten feet west of the easterly curb and approximately 200 inches north of a manhole cover in the highway and located in the travelled portion of the northbound lane of the highway." The notice further stated that "photographs of the location and of the injured portions of his body" were available for the defendant to inspect.

The plaintiff amended his complaint in July, 1988, changing the description of the accident location.[3] The defendant moved to dismiss, claiming that the notice failed to comply with the statutory requirements. The trial court granted the motion, and the plaintiff filed this appeal. The plaintiff concedes that the description in the notice was erroneous.

---

[3] The description of the location was amended to read: "In the vicinity of the Ensign Bickford Company, between the traffic lights at a point approximately 206 inches *north* of a telephone pole at the Ensign Bickford visitors' parking sign, approximately ten feet *east* of the *westerly* curb and approximately 200 inches *south* of a manhold cover in the highway and in the travelled portion of the *southbound* lane . . . ." (Emphasis added.)

The plaintiff's first claim is that the trial court erred in determining that the notice was insufficient under the statute. He argues that the statute requires only that the notice give a general description of the location of the accident, which he claims was given the defendant, and that making the photographs available to the defendant for inspection contributed to making the notice sufficient. We disagree.

"General Statutes § 13a-144 created a cause of action 'wholly unauthorized by the common law.' *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958). 'In view of the fact that Section [13a-144] is in derogation of the common law and that during its successive reenactments a savings clause has not been inserted, the statute must be strictly construed.' Wright & Fitzgerald, Conn. Law of Torts (2d Ed.) § 95, p. 244; cf. General Statutes § 13a-149 (notice savings clause in municipal highway liability statute). 'The giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any subdivision thereof.' *Wethersfield* v. *National Fire Ins. Co.,* supra." *Zotta* v. *Burns,* 8 Conn. App. 169, 173, 511 A.2d 373 (1986).

Whether the notice fails to meet the requirements of the statute must be determined by examining the purpose of the notice. " 'The obvious purpose of the requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to inquire into the facts of the case intelligently.' *Shaw* v. *Waterbury,* 46 Conn. 263, 266 [1878]." *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952).

We hold that the notice given to the defendant failed to satisfy the statutory notice requirement. The description of the location of the accident was so faulty that

it is clear that the defendant would not have been able to ascertain readily the location of the hole and make an intelligent inquiry into the details of the accident. We also agree with the defendant that the mere availability of photographs did not provide further written notice as required by the statute.

The plaintiff's second claim is that the court erred in deciding whether the notice was adequate as a matter of law, when the jury should have determined that issue. We disagree.

"Ordinarily, the question of the adequacy of notice 'is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.' *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947). Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice 'patently meets or fails to meet'; id.; the statutory requirements." *Zotta* v. *Burns,* supra, 173.

We hold that the trial court did not err in withholding the question of adequacy of the notice from the jury. The directions forwarded to the defendant were not merely inadequate but actually useless to the defendant, for they described, with specificity, a location in the highway where the accident did not occur. Under the circumstances of this case, it was not error for the trial court to decide that the statutory notice was so insufficient that the court could hold, as a matter of law, that the notice was invalid under the statute.

There is no error.

In this opinion the other judges concurred.