[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT, STATE OF CONNECTICUT'S MOTION TO STRIKE
This is a negligence action brought by the plaintiff for injuries caused to her resulting from an automobile accident. The action was brought against seven defendants including the State of Connecticut, Department of Transportation (DOT). DOT moves to strike the ninth and eighteenth counts of plaintiffs' corrected revised complaint claiming:
 1. Plaintiffs had failed to comply with a condition precedent to bringing suit against the State by failing to provide an adequate description of the plaintiffs' injuries, pursuant to Conn. Gen. Stat. sec. 13-144;
2. Plaintiffs have failed to allege that CT Page 3122 the purported highway defect was the sole proximate cause of plaintiffs' injuries; and
 3. Plaintiff, Robert Quarello, has failed to set forth a cognizable cause of action as he is not entitled to recover medical expenses incurred by his adult child.
On March 31, 1987, the plaintiff, Jean Quarello claims to have sustained injuries when the car she was operating crashed into an open ditch on Southington Road (Route 364) in the Town of Berlin. The plaintiffs allege that the open ditch was created when the flood waters from a broken dam destroyed the road.
The plaintiffs further allege that the defendant, DOT, caused Jean Quarello's injuries, losses and damages by negligently and carelessly breaching his statutory duties under Conn. Gen. Stat. see. 13a-149.[1] Specifically, the plaintiffs allege that there were no warning signs posted in the area, that the highway was not reasonably safe for its intended purposes and uses, that the defendant knew, or in the exercise of reasonable care should have known, of the hazardous conditions and should have remedied them, and that the defendant knew, or should have known, that the highway and the dam were unsafe and should have used reasonable care to warn or repair.
In the eighteenth count, the plaintiff Robert Quarello, as father of the injured plaintiff, and as owner of the vehicle involved in the accident, seeks monetary damages on behalf of his daughter for all hospital and medical bills incurred, as well as damages to his vehicle.
The plaintiffs, in their memorandum in opposition to the motion to strike, dealt with the issue of notice and the issue of sole proximate cause. However, no opposition was taken to that part of the motion to strike dealing with the father's claim for recovery of medical expenses for his adult child.
The eighteenth count mixes two causes of action. The first cause is the father's claim for reimbursement for medical expenses incurred on behalf of his adult daughter. The second cause is for the father's own damages related to his ownership of the vehicle involved in the accident. The motion to strike only challenges the first cause of action in the eighteenth count.
Although separate and distinct causes of action should be stated in separate counts, Conn. Practice Book Sec. CT Page 3123 138, we will consider only that cause of action challenged in the eighteenth count. See Conn. Practice Book Sec. 158. As to this issue, Conn. Practice Book Sec. 155 requires an adverse party to object to a motion to strike five days before the motion is to be considered on short calendar. Since the plaintiffs have not objected to the motion to strike the father's claim for reimbursement, this motion as it relates only to the issue of reimbursement can be granted. Hughes v. Bemer,200 Conn. 400, 402 (1986) (Hughes I); Hughes v. Bemer, 206 Conn. 491,493 (1988) (Hughes II).
As to the ninth count, the defendant moves to strike on two grounds. First, that the plaintiffs have failed to comply with a condition precedent to bringing a suit against the state by failing to give an adequate description of the plaintiffs' injuries in their notice, dated June 18, 1987, as required by Conn. Gen. Stat. sec. 13a-144. The second ground contends that the plaintiffs failed to allege that the purported highway defect was the sole proximate cause of the plaintiffs' injuries.
"The purpose of a motion to strike is the `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). When ruling on a motion to strike, "the court is limited to the facts alleged in the complaint," id. at 170 (citation omitted), and "the court must construe the facts in the complaint most favorably to the plaintiff." Id.
In their opposing memorandum, the plaintiffs argue that their notice is not patently defective when viewed in light of the purpose of such notice, and that they have stated a cause of action against the Department of Transportation. The plaintiffs contend that their notice is sufficient because it describes the exact accident location, and because it incorporates a police report that provides detailed information concerning the incident.
 Section 13-144 provides in pertinent part: Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought . . . . unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its CT Page 3124 occurrence has been given in writing within ninety days thereafter to the commissioner.
Conn. Gen. Stat. sec. 13a-144 (rev'd to 1989) (emphasis added).
Conn. Gen. Stat. sec. 13a-144 creates a "cause of action `wholly unauthorized by the common law.'" Ozmun v. Burns,18 Conn. App. 677, 680 (1989). Because section 13a-144 "`is in derogation of the common law and that during successive reenactments a savings clause has not been inserted, the statute must be strictly construed.'" Id. at 680 (citation omitted). "`The giving of a statutory written notice of injury is a condition precedent to the cause of action . . . .'" Id. "Whether the notice fails to meet the requirements of the statute must be determined by examining the purposes of the notice." Id. The purpose of notice is to furnish those entitled to such notice of such information that will assist them in protecting their interest. Flynn v. First National Bank Trust Co., 131 Conn. 430,433 (1944). In dealing with notice of an injury, "a general description which will apprise the recipient of the nature of it is sufficient . . . ." Id. In the Flynn case, notice of the injury recited "a severe contusion and abrasion of her left knee cap with sinovitis, abrasion on medial side of her left leg, bruises on other parts of her body . . . ." Id. at 432.
"`Ordinarily, the question of the adequacy of notice `is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.'" Ozmun, 18 Conn. App. at 681
(quoting Morico v. Cox, 134 Conn. 218, 223 (1974)). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements." Id. (quoting Zotta v. Burns, 8 Conn. App. 169, 173
(1986).
The plaintiffs' notice to the Commissioner, dated June 18, 1987, refers to Jean Quarello's physical condition several times. The second paragraph provides that "Miss Quarello was seriously injured on April 1, 1987 . . ." and that the accident had the effect of "seriously injuring her." Further, the seventh paragraph of the notice, after describing the location and the alleged cause of the accident, maintains that the condition of the state highway caused "Jean Quarello serious injury." Id.[2]
The purpose of the notice requirement "is to insure that the defendant is provided with information sufficient to enable him to make a timely and intelligent investigation of the facts underlying a particular claim." O'Neill v. Burns, 2 CT Page 31254 (November 12, 1986, Reynolds, J.) (citing LaRusso v. Hill, 139 Conn. 554, 557 (1953); Schaap v. City of Meriden,139 Conn. 254, 256 (1952)). The appropriate inquiry is whether "`the notice reasonably protect[s] the interest of the defendant under the particular circumstances of the case.'" O'Neill,2 CSCR at 4 (quoting Schaap, 139 Conn. at 256).
Connecticut courts have agreed generally as to what does not constitute an adequate description of injuries for the purpose of fulfilling the statutory requirements of Conn. Gen. Stat. sec. 13a-144.
The Connecticut Supreme Court has held that a notice stating that a decedent "got hurt," and that the defective road condition was the cause of her "getting hurt," did not comply with the statutory notice requirement. Main v. Town of North Stonington, 127 Conn. 711, 712 (1940). In Mascagna v. City of Derby, 123 Conn. 684, 685 (1937), the court held that the plaintiff's assertions that she "was taken in an ambulance" to a hospital, was under a physicians care, but did "not know the full extent" of her injuries did not meet the requirements of the statute. Similarly, a plaintiff's statement that he "`fell and was injured'" constituted an "entire absence of an essential element of notice, fatal to its sufficiency as a matter of law." Marino v. Town of East Haven, 120 Conn. 577, 581 (1935). In Shine v. Powers, 37 Conn. Sup. 710, 712 (App. Sess. 1981), the court emphasized that "while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that an injury or damage occurred, is insufficient to meet the statutory requirements." Finally, a notice stating that a plaintiff was "`seriously injured'" failed to meet the statutory requirements because "the word `seriously' is not sufficient to bring the notice within the essential of the statute." Corona v. City of New Haven, 3 Conn. Sup. 308, 310 (Super.Ct. 1936). In Corona, the court maintained that the "`general description of an injury is not satisfied by characterizing its severity with an adjective. The requisite thing to state, not how severely one was injured, but what part of his body was injured." Id. at 310-311.
A somewhat more liberalized approach was taken in O'Neill v. Burns, 2 CSCR 3 (November 12, 1986, Reynolds, J.). In O'Neill, the court maintained that "[p]rovisions that call for notice of injury are generally construed liberally and require only substantial compliance." Id. at 4 (citing Fraser v. Hennenger, 173 Conn. 52, 59 (1977)). In O'Neill, the court held that the plaintiff's written notification, providing in relevant part, that the plaintiff had "sustained numerous internal and external injuries and she has been unconscious since the CT Page 3126 date of the accident . . ." constituted "a sufficient general description of the minor plaintiff's injuries to satisfy the purpose and substance, if not form, of the notice requirement of sec. 13a-144." O'Neill, 2 CSCR at 4.
However, the weight of authority supports the defendant's motion to strike the ninth count on the first ground because the plaintiffs failed to comply with the notice requirement of Conn. Gen. Stat. sec. 13a-144. The plaintiffs' description of Jean Quarello's injuries as "serious" is patently defective and not adequate as a matter of law to give the Commissioner:
 [S]uch warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.
Morico v. Cox, 134 Conn. 218, 223 (1947).
The defendant also moves to strike the ninth count of the plaintiffs' corrected revised complaint on the second ground that the plaintiffs have failed to allege that the purported highway defect was the sole proximate cause of the plaintiffs' injuries.
In its supporting memorandum, the defendant argues that the plaintiffs must allege that a defect is the sole proximate cause of plaintiffs' injuries in order to impose liability on the state for a highway defect. The defendant argues that it is obvious that it was not the sole proximate cause of the plaintiffs' injuries given the fact that the plaintiffs asserted numerous allegations against seven defendants.
In their two memoranda in opposition, the plaintiffs argue that sole proximate causation must be proven, but it does not have to be pled.
Conn. Gen. Stat. sec. 13a-144 "imposes liability on the commissioner for injuries suffered `through the neglect or default of the state or any of its employees by means of any defective highway . . . which it is the duty of the commissioner of transportation to keep in repair . . . .'" D'Arcy v. Shugrue, 5 Conn. App. 12, 14 (1985) (quoting Conn. Gen. Stat. sec. 13a-144 (rev'd to 1989)). However, "[t]his liability . . . can only be imposed if the defect in the highway is the sole CT Page 3127 proximate cause of the plaintiff's injuries, and if those injuries are not also proximately caused by the negligence of the plaintiff or a third person." D'Arcy, 5 Conn. App. at 14
(citing Roth v. McDonald, 124 Conn. 461, 463 (1938)).
The Connecticut Supreme Court has consistently maintained that "it is fair and reasonable to assume that the legislature has approved of the sole proximate cause standard in our judicial interpretation of [section 13a-144]," White v. Burns, 213 Conn. 307, 334 (1990), and "sole proximate causation remains the standard of causation under sec. 13a-144." Id. at 336.
Although the plaintiffs did not specifically allege that the defendant was the sole proximate cause of Jean Quarello's injuries, the plaintiffs did allege that "the plaintiff was in the exercise of due care." The plaintiffs also allege that "[t]he injuries, losses and damages sustained by the plaintiff, Jean Quarello, was [sic] caused by the defendant as hereinafter set forth," id. at Ninth Count, Paragraph 3, and the plaintiffs further allege that "[t]he injuries, losses and damages of the plaintiff were caused by the negligent and careless breach of the duties of the defendant, Commissioner of Transportation . . . ." Id. at Ninth Count, Paragraph 6.
In the case of Ruffin v. Dodd, 3 CSCR 169, 170
(January 11, 1988, Cioffi, J.) the court granted a motion to strike when the plaintiff failed to allege that a highway defect was the sole proximate cause of a plaintiff's injuries. However, the greater weight of authority does not require sole proximate cause to be pled, but rather be proved. See Williamson v. Commissioner, 209 Conn. 310, 319 (1988) (parties suing under sec. 13a-144 "must prove that the defective highway was the sole proximate cause of their injuries") (emphasis added). In Shatz v. Northeast Indus. Serv., 2 CSCR 381, 382
(March 2, 1987, Noren, J.), the court emphasized:
 While it has been observed that failure to allege in an action under the statute that the plaintiff was in the exercise of due care renders the complaint demurrable; Edward v. New London, 22 Conn. Sup. 74, 75
(1960); and while it is absolutely clear that [sic] must be proven, nonetheless, the defendant has no authority for the proposition that the plaintiff must allege that the injury to his decedent was caused solely and proximately by the failure of the defendant in performing its statutory duty, although it is just as clear that this must CT Page 3128 be proven, (Emphasis in original).
Id. at 382.
In Bellamy v. Burns, 2 CSCR 374, 375 (February 24, 1987, Berdon, J.), the plaintiff had failed to allege sole proximate cause, but the court held that the plaintiff's allegation that the defendant was "the cause of the injuries" was sufficient. (Emphasis in original).
Finally, in O'Neill v. Burns, 2 CSCR 3, 4 (November 12, 1986, Reynolds, J.), an allegation that a plaintiff was in the exercise of due care was held to be all that "is needed at the pleading stage of the litigation." The O'Neill court emphasized that ran allegation that the plaintiff was exercising due care is tantamount to an allegation that the alleged defect was the sole proximate cause of the accident. Id. at 4
The defendant argues that the plaintiffs' assertions of negligence against seven defendants in a law suit of this nature makes it "patently obvious" that the state is not the "sole proximate cause of Miss Quarello's injuries." Similarly, in Shatz v. Northeast Industries Serv., 2 CSCR 381, 382 (March 2, 1987, Noren, J.)), the defendant argued that while the plaintiff "must prove that the statutory defect was the sole proximate cause of his decedent's injuries, in order to recover under the statute . . . the plaintiff cannot be allowed to inconsistently allege that the negligence of others . . . caused these same injuries." Id. at 381 (emphasis in original). The Shatz court admitted that this argument had "facial merit," but denied the defendant's motion to strike on this basis, emphasizing "our practice and pleading allows alternative and inconsistent pleading." Id. at 381-82 (emphasis in original).
The plaintiffs' allegations in the ninth count that the plaintiffs were in the exercise of due care, and that their injuries, losses and damages, were caused by and due to the negligent and careless breach of DOT were sufficient to allege causation only as to DOT in the ninth count. Under these circumstances, the defendant's motion to strike the ninth count should be granted on lack of notice not on the issue of sole proximate cause.
Accordingly, for the foregoing reasons the defendant's motion to strike the ninth and eighteenth counts is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT CT Page 3129