[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant City of Norwalk has filed a motion (#104) to strike the second count of the plaintiffs' amended complaint on the basis that the statutory notice to a municipality required by General Statutes7-465(a) is defective.
The plaintiff Isabelle Young alleges that while driving a motor vehicle owned by the plaintiff William Young she was involved in an automobile accident with the defendant Duane A. Merritt, an employee of the defendant City of Norwalk, and that as a result the Young motor vehicle was damaged. CT Page 58
The notice in question is addressed to the City of Norwalk and although it gives the "Date of Loss" as "1-15-90," there is no reference to the place of the accident. Rather, the notice simply says that: "[A]ccording to our investigation, you are responsible for the captioned accident." The caption includes a claim number, the insured (William Young), the "claimant," which is stated to be "INSD" (presumably the insured or William Young), and the date of loss previously referred to.
General Statutes 7-465(a) provides that one may sue a municipal employee and the municipality jointly, provided ". . . written notice . . . of the . . . place where the damages were incurred or sustained has been filed with the clerk of such municipality . . ." The notice in this case does not refer to the "place where the damages were incurred." Fraser v. Henninger, 173 Conn. 52, 56, 376 A.2d 406 (1977), states that: "[U]nless the notice patently meets or fails to meet the requirements of the statute, the question of its sufficiency is a question of fact." This language originated in Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947), a case involving the state highway defect statute. See Ozmun v. Burns,18 Conn. App. 677, 681, 559 A.2d 1143 (1989).
The Ozmun case also points out that General Statutes 13a-149
has a savings clause referring to the notice to a municipality being inaccurate in describing the place of the injury. In this case, of course, it is not simply inaccurate, but there is no description of the place of the accident at all, and furthermore, General Statutes 7-465 has no such savings clause. Id., 680.
The motion to strike is granted because I believe the notice "patently" fails to meet the statutory requirement as to the place of the accident, and hence the motion to strike the second count of the amended complaint is hereby granted.
SO ORDERED.
Dated at Stamford, Connecticut this fourth day of January, 1991.
LEWIS, J.