[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence action arising out of an automobile collision on Interstate 95 in Norwalk. Plaintiff has alleged, in a three count complaint, the negligence of L.G. DeFelice, Inc., Bernhard Contracting Corp., and the State of Connecticut in causing and/or allowing obstructions on the traveled portion of the highway. Count three, against defendant State of Connecticut, alleges that plaintiff was a passenger in his vehicle traveling on Interstate 95, when it was confronted by obstructions in the travel lane. As a result of these obstructions (a Jersey barrier and a truck), the driver of the vehicle was unable to avoid striking them, and injuries to the plaintiff resulted. Defendant DeFelice was at the time reconstructing a portion of the Yankee Doodle Bridge and had equipment parked in the area. Plaintiff alleges that the accident was solely caused by the negligence of the defendant State of Connecticut in that the state permitted obstructions in the travel lane of the highway in violation of Conn. Gen. Stat.13a-144. Plaintiff further alleges that he gave notice of his injuries and intention to make a claim, pursuant to statute to the state. The notice, attached to the complaint as Exhibit A, contains the following description of the place of injury:
 Mr. Bones was a passenger in his motor vehicle on I-95 in Norwalk and was involved in a multi-vehicle accident as a result of a construction baracade CT Page 64 closing off the left hand lane of traffic resulting in merging of vehicles. Since the lights were not on in the area, there was no illumination or indication of the merging of the lanes and the placement of construction barriers, thereby resulting in the creation of a sudden bottle-neck. The exact location and the number of vehicles involved will follow as soon as the state police report is obtained.
The defendant Commissioner of Transportation for the State of Connecticut now moves to strike the third count on the grounds that the statutory notice is defective, therefore, plaintiff's claim is barred; that the negligence of a third party is asserted; and that plaintiff has failed to allege the state's conduct as the sole proximate cause of his injuries. Both parties have filed memoranda of law in support of their positions as required by Conn. Practice Bk. 155.
A motion to strike tests the legal sufficiency of a pleading. Conn. Practice Bk. 152 (rev'd to 1978, as updated to Oct. 1, 1990). If the plaintiff's complaint contains the necessary elements of a cause of action it will survive a motion to strike. D'Ulisse-Cupo v. Bd. of Directors, 202 Conn. 206,218-19 (1987). A motion to strike admits all well-pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court may not look outside the pleadings for facts not alleged, Cavallo v. Derby Savings Bank, 188 Conn. 281, 286 (1982), and must construe the facts in the manner most favorable to the non-movant. Rowe v. Godou, 209 Conn. 273, 278 (1988).
The state is immune from suit unless it consents to be sued. White v. Burns, 213 Conn. 307, 312 (1990). A statute authorizing a suit against the state must be strictly construed. Id. Conn. Gen. Stat. 13a-144 authorizes suits against the state for injuries caused by "the neglect or default of the state or any of its employees by means of any defective highway. . . ." See also Baker v. Ives, 162 Conn. 295, 298 (1972).
The Notice Requirement
A person wishing to bring an action against the state pursuant to the statute is required to give notice to the Commissioner of Transportation of the injury and a general description of the injury. Conn. Gen. Stat. 13a-144 (rev'd to 1989); Rapid Motor Lines v. Cox, 134 Conn. 235, 237 (1947). Compliance with the notice requirement is a condition precedent to plaintiff's recovery. Rapid Motor Lines v. Cox,134 Conn. at 237.
While the adequacy of the statutory notice is generally a CT Page 65 question for the jury, the court must first determine whether the notice is patently defective. Zotto v. Burns, 8 Conn. App. 169,173 (1986).
 [T]he description in the notice, must meet the statutory requirements in order to withstand a motion to strike. The sufficiency of the notice is tested with reference to the purpose for which it is required. `The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' Cassidy v. Southbury, 86 Conn. 45, 49, 82 A. 291 [1912] `(additional citations omitted.) Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947).'
Shine v. Towers, 37 Conn. Sup. 710, 711-12 (App. Sess. 1981).
In Zotta v. Burns, plaintiff's notice described the site of the accident as route 6 in Bolton, instead of Camp Meeting Road. Id. at 170. This notice was said to be defective for failing to describe the place where the accident occurred. Id. at 174. Subsequent to sending the notice described above, the plaintiff sent to the state's insurance company the police accident report, a diagram of the area, and photographs of the site. Id. at 171. In finding the notice still to be defective, the court stated "[a]t best, those items were ambiguous with respect to the description of the accident location. The police accident report properly described the site of the accident as Camp Meeting Road, but the diagram and photographs indicated that the accident occurred on route 6." Id. at 174.
In Ozmun v. Burns, 18 Conn. App. 677 (1989) plaintiffs' notice stated that the alleged defect was:
 `in the vicinity of the Ensign Bickford Company between the traffic lights. The defect consisted of a hole approximately 206 inches south of a telephone pole at the Ensign Bickford visitors' parking sign and approximately ten feet west of the easterly curb and approximately 200 inches north of a manhole cover in the highway and located in the traveled portion of the northbound lane of the highway.'
CT Page 66
Ozmun v. Burns, 18 Conn. App. at 679. The notice also stated that photographs of the accident site were available for the defendant to inspect. The court held that the notice failed to satisfy the statutory requirement, stating "[t]he description of the location of the accident was so faulty that it is clear that the defendant would not have been able to ascertain readily the location of the hole and make an intelligent inquiry into the details of the accident." Id. at 680-81.
In the case at bar, the notice to the state describes the location of the defect as I-95 in Norwalk. The complaint states that at the time of the accident, plaintiff's vehicle was approaching the construction area of the Yankee Doodle Bridge. Such description is insufficient as a matter of law to meet the statutory requirements; merely describing the site of the accident as near the construction area of the Yankee Doodle Bridge on I-95 in Norwalk is insufficient to provide the defendant state a reasonable guide in the conduct of its investigation into the accident. Although plaintiff's notice states "[t]he exact location. . .will follow as soon as the State Police report is obtained," said report is attached to plaintiff's memorandum in opposition to the motion to strike, not to his complaint and cannot, therefore, be considered by the court on this motion. Whether the police report, if incorporated into the complaint, would be deemed sufficient to describe the location of the accident, is a question not presently before this court.[1] Therefore, because the notice is patently defective, the state's motion to strike count three is granted.
Sole Proximate Cause
To recover against the state under 13a-144, the plaintiff must prove that the state's breach of its statutory duty to maintain the highways was the sole proximate cause of plaintiffs' injuries. White v. Burns, 213 Conn. 307 (1990). "The incorporation of the sole proximate cause requirement for actions brought under the state defective highway statute dates back to . . .1920" and has recently been reaffirmed as a prerequisite to a claim under 13a-144. Williamson v. Commissioner, 209 Conn. 310,317-319 (1988). Paragraph 5 of the third count states:
 Said accident was solely caused by the negligence of the defendant in that it permitted obstructions on the travel lane of Interstate 95 in violation of the statutory duty set forth in 13a-144 of the General Statutes of the State of Connecticut.
Therefore, although plaintiff has also alleged the negligence of defendant DeFelice in the third count, he has alleged that the state's conduct was the "sole proximate cause", and the motion to CT Page 67 strike the count on this ground is denied.
Negligence of a Third Party
A plaintiff cannot recover under 13a-144 if he was contributorily negligent, or if the negligent conduct of a third person caused in any way, his injuries. Williamson v. Commissioner,209 Conn. at 321. Where the neglect or default of a third party causes a condition in a state highway that ultimately injures the plaintiff, the state cannot be held liable under 13a-144 until that condition becomes a "defective highway" which the commissioner has a duty to repair. White v. Burns,213 Conn. at 327. In his third count plaintiff alleges that the state permitted obstructions on the travel lane of I-95, these obstructions being a Jersey barrier and a truck owned by DeFelice. Paragraphs 7-11 of the third count, although alleging that the negligence of DeFelice caused the accident and resulting injuries, essentially allege that the negligence of DeFelice created the condition on the highway which rendered it defective, obligating the state to repair it. These allegations are sufficient. Id. Reading the count in the light most favorable to the plaintiff, the motion to stike on the ground that the negligence of a third party is asserted, is denied.
The motion to strike is granted on the ground that the notice is legally insufficient.
KATZ, J.