[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #155A
On July 2, 1990, plaintiffs Frances and Marshall Lacasse filed a two-count revised complaint, in which they allege that employees, servants and/or agents of the defendant, J. William Burns, Commissioner of the Connecticut Department of Transportation, resurfaced Route 539 (also known as Mountain Road) in Granby. The plaintiffs allege in the first count that this work was performed negligently and recklessly in that the road surface became slippery and the road was left in this condition for public use. The plaintiffs allege that plaintiff Frances Lacasse was driving an automobile on this road and, due to the slippery road surface, her vehicle skidded and collided with another automobile. As a result of the collision, plaintiff Frances Lacasse suffered personal injuries.
In the second count, plaintiff Marshall Lacasse, the husband of plaintiff Frances Lacasse, seeks recovery of his wife's medical expenses and loss of consortium damages.
Both counts are brought pursuant to General Statute13a-144, the defective highway statute. Attached to the revised complaint are two notices, one provided to the defendant, pursuant to 13a-144, the other provided to the Office of the Claims Commissioner, pursuant to 4-147. In the notice provided to the defendant, the time and place of the collision are described as follows: "On October 6, 1984, the claimant was operating her automobile on Mountain Road in Granby." In both notices, the claimant is identified as Frances Lacasse.
On October 18, 1990 the defendant closed the pleadings CT Page 2563 by filing an answer.
On November 1, 1991 the defendant filed a motion for summary judgment, a memorandum of law in support thereof and copies of the notices. The grounds for the motion are that the statutory notice given by the plaintiffs is defective, and that loss of consortium damages may not be recovered under General Statutes 13a-144.
On November 25, 1991 the plaintiffs filed a memorandum in opposition to the motion, a copy of the notice provided to the defendant, copies of memoranda written by Department of Transportation employees, and excerpts of a deposition of John Matheson, a general supervisor of the Department of Transportation. The memoranda and deposition excerpts establish that the Granby Police phoned the Department of Transportation, and complained about several accidents caused by the slippery road conditions, and that the Department of Transportation employees investigated the road conditions.
On January 27, 1992 the defendant filed a reply memorandum.
"Summary judgment is appropriate when `the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book 384 . . . . The party seeking summary judgment has the burden of showing the nonexistence of any genuinely disputed material facts . . . . The facts presented must be viewed in the light most favorable to the nonmoving party." Rawling v. New Haven,206 Conn. 100, 104, 537 A.2d 439 (1988). A motion for summary judgment is the proper way to test the legal sufficiency of the complaint after the pleadings have closed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
I. COUNT ONE: ADEQUACY OF STATUTORY NOTICE
The defendant argues that General Statutes 13a-144
waives sovereign immunity and must be strictly construed. Hence, precise information regarding the time and place of the accident must be provided. The defendant argues that the plaintiffs' description of the time and place of the accident (i.e., "On October 6, 1984, the claimant was operating her automobile on Mountain Road in Granby.") is defective as a matter of law.
The plaintiffs argue that the adequacy of notice is ordinarily a question of fact for the trier of fact; however, before submitting this question to the trier of fact, the court CT Page 2564 must determine whether, as a matter of law, the notice patently meets or fails to meet the statutory requirements. The plaintiffs argue that their notice cannot be inadequate as a matter of law, because the purpose of the notice requirement is to provide the defendant commissioner with information that can be used to investigate the accident. The plaintiffs argue that the defendant had this information, since Department of Transportation memoranda and the deposition of Department of Transportation General Supervisor John Matheson show that the Department knew of and investigated the slippery road conditions within several days of plaintiff Frances Lacasse's accident.
General Statutes 13a-144 states that a defective highway claim cannot be brought "unless notice of such injury and a general description of the same and of the cause thereof. and of the time and place of its occurrence has, been given writing . . . to the commissioner."
 General Statutes 13a-144 created a cause of action `wholly unauthorized by the common law.' . . . . `In view of the fact that Section [13a-144] is in derogation of the common law and that during its successive reenactments a savings clause has not been inserted, the statute must be strictly construed.' (Citations omitted) Ozmun v. Burns, 18 Conn. App. 677, 680. 559 A.2d 1143 (1989).
 `Ordinarily, the question of the adequacy of notice is one for the jury and not for the court . . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements.' (Citations omitted) Id., 681.
 The notice is to be tested with reference to the purpose for which it is required. The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such CT Page 2565 inquiries, and in obtaining such information as he might deem helpful for his protection.' Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947).
In Moffett v. Burns, 3 CSCR 636 (July 12, 1988, Pickett, J.), affirmed, 18 Conn. App. 821,559 A.2d 1190 (1989), cert. denied, 212 Conn. 806, 561 A.2d 947 (1989), the court granted the defendant's motion to strike in a defective highway action where the plaintiff's notice described the place of the accident as "Route 109, New Milford, CT 06776." The plaintiff contended that the New Milford Police Department had prepared a police report which described the place of the accident with greater specificity, but the report was not appended to the plaintiffs' notice. The court cited the test of Morico v. Cox, supra, and held that the description of the place of the accident in the plaintiff's notice did "not set forth with a reasonable degree of specificity the location of the accident so as to furnish the Commissioner a reasonable guide to preserve his interest and conduct inquiries, specifically, to investigate alleged icy conditions at the location." Moffett v. Burns, supra. The court held that this notice was insufficient as a matter of law. Additionally, the court held that the plaintiff could not rely upon the police report because "the report was not furnished by the plaintiff to the Commissioner." Id.
See also Bresnan v. Frankel, 5 CTLR 404 (January 2, 1991, Hendel, J.) (description of location as "Route 14A, Plainfield, Connecticut" was legally insufficient); Collins v. Meriden, 2 CTLR 401 (July 30, 1990, Gaffney, J.) (description of location as "adjacent to the front of the premises known as 243 West Main Street, Meriden, Connecticut" was legally insufficient). Cf. McGrath v. Carlin Contracting Company,1 CTLR 635 (May 17, 1990, Mulcahy, J.) (description of location as a "bump on Salmon River Bridge" was not legally insufficient.
In Zotta v. Burns, 8 Conn. App. 169, 511 A.2d 373 (1986) the plaintiff's statutory notice incorrectly described the place of the accident. After providing the notice, an employee of the defendant commissioner advised the plaintiff to submit further correspondence to the defendant's insurer. Included in correspondence which was submitted to the insurer was a police report which correctly identified the time and place of the accident, and other documents which incorrectly described the place of the accident. The court considered whether the ambiguous documents which were submitted to the defendant's insurer satisfied the statutory notice requirements: CT Page 2566
 Even if we were to assume that such an ambiguous notice was sufficient to meet the threshold requirements of General Statutes 13a-144 so as to permit the question of validity to go to the jury, it is clear that this notice was not sent "to the commissioner" as the statute requires. Construing the statutory requirements strictly, as we must, we conclude that the plaintiff's correspondence, which was forwarded to the defendant's insurance company, failed to meet the requirement of notice "to the commissioner." Id., 174.
In the present case, the plaintiffs' notice described the place of the accident as "Mountain Road in Granby." This notice does not describe the place of the accident any more specifically than the notice given in Moffett v. Burns, supra. Accordingly, the plaintiffs' notice is insufficient as a matter of law.
The plaintiffs argue that the defendant had adequate notice of the time and place of the accident, because the Granby Police Department had telephone the Department of Transportation, and complained of several accidents at the site of the plaintiff's accident. This does not satisfy the notice requirement. As the court held in Zotta v. Burns, supra, the statutory notice requirement must be strictly construed, and13a-144 includes the requirement that the notice be made "in writing." Since the deposition excerpts and memoranda state that the Granby Police Department provided notice in writing, the notice is defective as a matter of law. Accordingly, the defendant's motion for summary judgment is granted as to the first count of the plaintiffs' complaint.
II. COUNT TWO
The defendant argues that summary judgment should be granted as to count two, because plaintiff Marshall Lacasse did not provide notice as required by General Statutes13a-144. Alternatively, the defendant argues that General Statutes 13a-144 only allows recovery by travelers.
The plaintiffs argue that the defendant did have notice of Marshall Lacasse's claim because the notice referred to plaintiff Frances Lacasse as Mrs. Lacasse, so the defendant should have been aware that plaintiff Frances Lacasse was married, and that a loss of consortium claim would be made. The plaintiffs argue further that superior court decisions have CT Page 2567 split on the issue of whether loss of consortium damages are permitted pursuant to General Statutes 13a-144.
A. NOTICE
As discussed above, General Statutes 13a-144 requires that written notice be given to the Commissioner in order to bring a defective highway action. Since the statute waives sovereign immunity, it must be strictly construed. Zotta v. Burns, supra; Ozmun v. Burns, supra.
In the plaintiffs' notice, Frances Lacasse is named as the claimant. Marshall Lacasse is not named as a claimant, nor does the notice refer to a loss of consortium claim. The defendant Commissioner was not given notice of Marshall Lacasse's claim as required by 13a-144. Accordingly, the defendant's motion for summary judgment as to the second count of the plaintiffs' complaint may be granted on this ground.
 B. LOSS OF CONSORTIUM DAMAGES PURSUANT TO TO GENERAL STATUTES 13A-144
Further, regardless of whether the notice of Marshall Lacasse's claim is legally sufficient, loss of consortium damages are not recoverable in an action brought pursuant to the defective highway highway statute.
The Connecticut Supreme Court has recently stated that loss of consortium damages are not available under 13a-149.
 [I]n providing that `no cause of action' shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium . . . Section 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured `traveler.'
Sanzone v. Board of Police Commissioners, 219 Conn. 179,198-99, 592 A.2d 912 (1991).
Both General Statutes 13a-144 and 13a-149 permit recovery by `[a]ny person injured in person or property."
Application of the same construction to General Statutes 13a-144 would preclude the recovery of loss of consortium damages. Accordingly, Marshall Lacasse is not CT Page 2568 entitled to recover damages for loss of consortium in this defective highway action.
For the above reasons, the defendant's motion for summary judgment is granted.
BURNS, JUDGE