[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action against the City of Norwalk (The "City") and others claiming damages for personal injuries resulting from a fall on a sidewalk. The parties are in agreement that the Second Count of the complaint, which is directed to the City, sets forth a claim pursuant to municipal highway statute, General Statutes 13a-149, and the court treats the claims set forth therein as a claim under that statute. The City has moved to strike the Second Count of the complaint asserting that the notice therein alleged is legally insufficient and on the grounds that the allegations do not allege that the claimed defective condition was the sole proximate cause of the plaintiff's injury. The Motion to Strike was also directed to the Fifth Count, which alleged a claim for loss of consortium, but the Fifth Count has now been withdrawn by the plaintiff.
The City claims that the Fifth Count should be stricken because the notice, as required by statute, refers only to the fact that serious personal injuries were sustained as a result of a fall on the sidewalk adjacent to a parking lot on a stated street near a particular condominium. The written notice is attached to the complaint as Exhibit A and indicates that a photograph was enclosed with the notice. However the photograph was not submitted to the court. The defendant claims that the notice is defective because it does not set forth the nature of the injuries nor the cause thereof. General Statutes 13a-149 provides, in part, as follows:
 "No notice given under the provisions of this Section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact mislead thereby."
In view of the quoted provisions, of the statute, it is not appropriate to determine the effect of any inadequacies of the notice on a Motion to Strike. See, Giannitti v. Stamford, 25 Conn. App. 67,75-76 (1991). In addition, the photographs submitted with the written notice is not presently before the court and the court can therefore not conclude that there is complete absence of notice to prevent the application of the above quoted provisions of the statute. Bassin v. Stamford, 26 Conn. App. 534, 538 (1992). CT Page 7335
The parties are not in disagreement that the statutory language providing a cause of action to one injured "by means of a defective road" requires the plaintiff to prove that the defective condition was the sole proximate cause of the fall which would require the plaintiff to demonstrate that she was not contributory negligent or that she was exercising due care at the time of the injury. See, Janow v. Ansonia, 11 Conn. App. 1, 3 (1987). The parties are in disagreement however, as to whether such claims must be asserted in the complaint. The complaint does not allege that the plaintiff was in the exercise of due care nor does it allege that the defect was the sole proximate cause of the injury, nor does it allege that the injuries claimed that plaintiff was injured "by means of" the defect. The complaint simply alleges that the plaintiff tripped and fell over an uneven portion of the sidewalk and that she was caused to fall by the defect. The complaint in the present action purports to set forth a claim, not in negligence, but for a breach of a statutory duty. Therefore, it seems appropriate for the plaintiff to allege those claims which you will be required to prove. See, Edwards v. New London,22 Conn. Sup. 74, 75 (1960) (Troland, J.).
Accordingly, the Motion to Strike the Fifth Count is granted and the plaintiff may replead her claims, pursuant to Practice Book 157, so as to set forth the required allegations.
RUSH, J.