[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The Plaintiff, Zorka Argiriou, was injured in a motor vehicle accident on July 11, 1995. On June 2, 1997, the plaintiff filed a two count complaint against the City of Waterbury and Robert J. Carroll (Superintendent for the Waterbury Street Department) alleging that the city failed to maintain, repair and keep reasonably safe the streets and sidewalks of Waterbury in violation of General Statute § 13a-149.
On July 15, 1997, the defendants filed a motion to dismiss the complaint. The defendants argue that the court lacks subject matter jurisdiction because the complaint fails to plead statutory notice as required under General Statutes §13a-149. On July 21, 1997, the plaintiff filed an amended complaint, to which the defendants promptly filed an objection. On August 12, 1997, the objection was overruled and the motion to amend the complaint granted. The plaintiff then filed an objection to the defendant's motion to dismiss.
Once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause . . . ." Id. Thus, the motion to dismiss the original, June 2, 1997, complaint must be addressed.
Subject matter jurisdiction is the power of the court "to hear and determine cases of the general class to which the proceedings in question belong . . . ." Konover v. Town of WestHartford, 242 Conn. 727, (1997). In the motion to CT Page 13792 dismiss the defendants argue that the plaintiff's failure to plead the required 13a-149 statutory notice in her complaint deprives the court of subject matter jurisdiction.
Motions to dismiss have been used to effectively challenge the actual sufficiency of the notice requirement as received by the commissioner under the appropriate statute. Bresnan v.Frankel, 224 Conn. 23, 533 A.2d 545 (1992); see also Consiglio v.Motto, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 375232 (August 27, 1991, Wagner, J.);Collins v. City of Meriden, Superior Court, judicial district of New Haven at Meriden, Docket No. 234632 (July 30, 1990, Gaffney, J.) (2 CONN. L. RPTR. 401). In several instances where the notice provisions of General Statutes § 13a-144 or § 13a-149
have not been met, the lack of subject matter jurisdiction has been upheld. See Ozmun v. Burns, 18 Conn. App. 677, 559 A.2d 1143
(1989).
In the case at bar, the defendant does not challenge the sufficiency of the statutory notice. Rather, the defendant argues that the plaintiff has failed to plead the necessary notice in the complaint. Such a failure on the part of the plaintiff renders the complaint vulnerable to a motion to strike and not a motion to dismiss. See Pratt v. Old Saybrook, 225 Conn. 177,184-85, 621 A.2d 1322 (1993) (noting that although the court did not have to decide whether the § 13a-149 complaint was insufficient because it failed to allege that plaintiff "sent statutorily required notice," the court, nonetheless, took it upon itself to note that "a motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action.").
"If a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded; would establish a cause of action upon which relief could be granted, a motion to strike is required." Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). By contrast a motion to dismiss "attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Id.
One practical difference between a motion to strike and a motion to dismiss is that the former, if granted, allows the stricken party an opportunity to replead and avoid a harsh result. Pratt v. Old Saybrook, supra, 225. Conn. 185. The CT Page 13793 underlying purpose of the notice requirement of General Statute § 13a-149 is to allow the municipality to facilitate an appropriate investigation and hasten the possibility of settlement. Martin v. Plainville, 240 Conn. 105, 111,689 A.2d 1125 (1997). The defendant does not contend that the plaintiff has failed to meet her obligation to accordingly inform the appropriate parties as a matter of law or fact.
Accordingly, the motion to dismiss the complaint should be denied.
Swienton, J.