[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE 
The defendants' motion to strike the plaintiff's complaint should be granted.
On July 21, 1997, the plaintiff, Zorka Argiriou, filed a two-count complaint; one against the city of Waterbury; and one count against J. Robert Carroll, acting superintendent for the Street Department for the city of Waterbury. Zorka Argiriou (Ms. Argiriou) alleges a cause of action in Counts One and Two based on the defective highway statute, § 13a-149. Ms. Argiriou claims that she was injured when she drove her car over an open manhole on Juniper Ridge Road in Waterbury.
On January 26, 1998, the city of Waterbury and J. Robert Carroll (Mr. Carroll) filed a motion to strike Ms. Argiriou's compliant. The defendants move to strike Count One on the ground that Ms. Argiriou failed to allege that she was in the exercise of due care when she ran over the open manhole. The defendants also move to strike Count Two on the ground that Ms. Argiriou's only remedy under § 13a-149 lies against a municipality, and not an employee of a municipality.
The city of Waterbury and Mr. Carroll move to strike Count One on the ground that Ms. Argiriou failed to allege that she exercised due care when she ran over the open manhole. The city asserts that because Count One does not allege that Ms. Argiriou exercised due care at the time of the accident or that the highway defect was the sole proximate cause of Ms. Argiriou's injury, Ms. Argiriou fails to allege a claim pursuant to § 13a 149. Ms. Argiriou counters that the plain language of §13a-149 does not require a plaintiff to plead "sole proximate cause or exercise of due care." In the alternative, Ms. Argiriou asserts that sole proximate cause is clear, "since the first count does not attribute the injuries of the plaintiff to any other party . . ." (Plaintiff's memorandum of law, p. 3.)
"[T]o establish liability [under § 13a-149], the plaintiff ha[s] the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the . . . [highways] within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; CT Page 5522 and (3) the exercise by him of due care. . . ." (Citations omitted; internal quotation marks omitted.) Steele v. Stonington,225 Conn. 217, 220-221, 622 A.2d 551 (1993).
The issue of the plaintiff's due care must be raised by the pleadings in order to sustain an action based on General Statutes § 13a-149. Garrity v. Town of Prospect, Superior Court, judicial district of Waterbury, Docket No. 088290,12 CONN. L. RPTR. 333
(August 19, 1994, Sylvester, J.). The plaintiff's due care may be raised in the pleadings by either alleging that the plaintiff exercised due care, or by alleging that the highway defect was the sole proximate cause of the plaintiff's injuries. Without either of these allegations, Count One of the plaintiff's amended complaint must be stricken. Edwards v. New London, 22 Conn. Sup. 74, 75
(1960); Ruffin v. Dodd, 3 C.S.C.R. 169, 170 (1988) (Cioffi, J.).
In the present case, Ms. Argiriou failed to allege in Count One either that she exercised due care or that the highway defect was the sole proximate cause of her injuries. Therefore, Count One fails to state a claim pursuant to General Statute §13a-149. The defendants' motion to strike Count One of the plaintiff's complaint is granted.
The city of Waterbury and Mr. Carroll move to strike Count Two of Ms. Argiriou's complaint on the ground that a claim under § 13a-149 may not be made against a municipal employee. Ms. Argiriou counters that § 13a-149 does permit a claim against Mr. Carroll, an employee of the city of Waterbury.
"Section 13a-149 creates a statutory cause of action against a municipality for a defective highway, but does not create a cause of action against municipal officers or employees." Dunbarv. City of Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310727, 11 CONN. L. RPTR. 448
(May 5, 1994, Fuller, J.). Ms. Argiriou failed to cite a single case where a § 13a-149 claim has been maintained against a municipal employee. Likewise, research has failed to locate a single case where a § 13a-149 claim has been maintained against a municipal employee or officer.
Therefore, since § 13a-149 does not create a cause of action against a municipal officer or employee. The defendants' motion to strike Count Two is granted.
KULAWIZ, J. CT Page 5523