MICHAEL J. ZOTTA *v.* J. WILLIAM BURNS,
COMMISSIONER OF TRANSPORTATION
(3852)
(3853)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released July 15, 1986

*Louis B. Blumenfeld,* with whom, on the brief, was *John T. Scully,* for the appellant (defendant in both cases).

*R. Bartley Halloran* and *John F. Nagle,* for the appellee (plaintiff in both cases).

BORDEN, J. The defendant, the commissioner of transportation, appeals from the trial court's judgments in favor of the plaintiff. In these combined actions, the plaintiff claimed damages for personal injuries and for property damage arising out of a one car accident on a state highway. The principal issue in these appeals is whether the trial court erred by finding as a matter of law that the plaintiff had provided the defendant with sufficient notice to meet the requirements of General Statutes § 13a-144.[1] We find error.

Certain facts are not in dispute. On March 23, 1982, the plaintiff was injured as a result of a one car accident in which his automobile was also damaged. The accident occurred on Camp Meeting Road in Bolton. One month later, the plaintiff's attorney[2] purported to give the requisite statutory notice of his injuries and losses to the defendant. See footnote 1, supra. This notice, however, described the place of the accident as route 6 in Bolton instead of Camp Meeting Road, and failed to state the time of the accident.

---

[1] General Statutes § 13a-144 provides in pertinent part: "No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

[2] The attorney who gave this notice was not the attorney who represented the plaintiff in this appeal.

After receiving this notice, an employee of the defendant wrote to the plaintiff, on May 6, 1982, advising him to submit all further correspondence to the defendant's insurance company. Within the ninety day notice period required by General Statutes § 13a-144, the plaintiff's attorney sent the following items to the defendant's insurance company: the police accident report, an investigator's diagram of the area, photographs of the accident site, and a cover letter. The police accident report properly described the time and place of the accident. The diagram and photographs, however, incorrectly identified the accident site as route 6. The cover letter made no reference to the time or place of the accident, nor did it state that it was a supplement to or substitute for the original notice of the plaintiff's claims. The defendant does not dispute that his insurance carrier received these items within the statutory ninety day notice period.

The plaintiff's personal injury complaint was issued on September 14, 1982, and the property damage complaint was issued on June 22, 1983. Both complaints alleged that the accident occurred on route 6 and that statutory notice was provided to the defendant on April 21, 1982. The defendant moved for summary judgment in both actions on the ground that the notice was defective as a matter of law. Attached to these motions was, inter alia, a map and a sworn affidavit of a department of transportation official which indicated that Camp Meeting Road and route 6 are two distinct and separately maintained highways. The plaintiff argued, inter alia, that the items sent to the defendant's insurer were sufficient as a matter of law to meet the statutory notice requirements and that the defendant should be estopped from challenging the validity of that notice because the defendant's employee had informed the plaintiff to submit all correspondence to

the insurance company. The trial court, *Hale, J.,* denied the motions for summary judgment.[3]

At trial, the plaintiff presented his cases without introducing any evidence regarding the notice given to the defendant. The defendant moved for directed verdicts at the close of the plaintiff's cases and, later, after all the evidence had been introduced. After the plaintiff rested, the trial court, *Allen, J.,* held a hearing on the notice issue outside of the jury's presence in order to preserve this issue for purposes of appeal. The plaintiff marked three items as exhibits for identification: the original letter of notice dated April 21, 1982, the defendant's letter of May 6, 1982, to the plaintiff advising him to forward all correspondence to the defendant's insurer, and the cover letter from the plaintiff to the defendant dated May 24, 1982. The trial court held that, as a matter of law, the plaintiff had provided the defendant with sufficient notice to meet the requirements of General Statutes § 13a-144. Consequently, the trial court denied the defendant's motions for directed verdicts and charged the jury that as a matter of law the plaintiff had provided adequate notice to the defendant. The defendant excepted to the charge to the jury.

The jury returned verdicts for the plaintiff and judgments were rendered accordingly. The trial court denied the defendant's motions for judgment notwithstanding the verdicts and to set aside the verdicts, and these appeals followed. The defendant first claims that because the evidence of statutory notice was insufficient, the trial court erred by refusing to direct ver-

---

[3] The defendant also moved to strike the property damage complaint on the ground that the notice failed to include a general description of the damage to the plaintiff's automobile and failed to specify the time of the accident. The trial court, *Kelly, J.,* denied the motion to strike without prejudice, indicating that "[w]hile the notice comes exceedingly close to being insufficient, the court is unable to conclude that it [is] insufficient as a matter of law."

dicts, by failing to render judgments notwithstanding the verdicts, and by denying his motions to set aside the verdicts. The plaintiff concedes that the original notice of April 21, 1982, to the defendant was inadequate but argues that the other items, which were sent to the defendant's insurer, were sufficient as a matter of law to provide the defendant with notice. In addition, the plaintiff asserts that because the defendant advised the plaintiff to forward all correspondence to the insurer, the defendant should be estopped from challenging the validity of that notice. We disagree.

General Statutes § 13a-144 created a cause of action "wholly unauthorized by the common law." *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 371, 143 A.2d 454 (1958). "In view of the fact that Section [13a-144] is in derogation of the common law and that during its successive reenactments a saving clause has not been inserted, the statute must be strictly construed." Wright & Fitzgerald, Conn. Law of Torts (2d Ed.) § 95, p. 224; cf. General Statutes § 13a-149 (notice savings clause in municipal highway liability statute). "The giving of the statutory written notice of injury is a condition precedent to the cause of action, whether the action is against the state or any subdivision thereof." *Wethersfield* v. *National Fire Ins. Co.*, supra.

Ordinarily, the question of the adequacy of notice "is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." *Morico* v. *Cox*, 134 Conn. 218, 223, 56 A.2d 522 (1947). Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice "patently meets or fails to meet"; id; the statutory requirements. In the present case, the trial court correctly removed the threshold question of the validity of the statutory notice from the jury. The court erred, however, by determining that the notice

in question was legally sufficient to meet the requirements of General Statutes § 13a-144.

General Statutes § 13a-144 requires, inter alia, that notice properly describing the place where the alleged injury occurred "[be] given in writing within ninety days thereafter to the commissioner." As the plaintiff concedes, his first purported notice, which was timely sent to the defendant, failed properly to describe the place where the accident occurred. Similarly, the items subsequently forwarded to the defendant's insurer failed properly to describe the place where the accident occurred. At best, those items were ambiguous with respect to the description of the accident location. The police accident report properly described the site of the accident as Camp Meeting Road, but the diagram and photographs indicated that the accident occurred on route 6.

Even if we were to assume that such an ambiguous notice was sufficient to meet the threshold requirements of General Statutes § 13a-144 so as to permit the question of validity to go to the jury, it is clear that this notice was not sent "to the commissioner" as the statute requires. Construing the statutory requirements strictly, as we must, we conclude that the plaintiff's correspondence, which was forwarded to the defendant's insurance company, failed to meet the requirement of notice "to the commissioner."

We also reject the plaintiff's claim that the defendant should be estopped from claiming that the subsequent notice materials were not sent "to the commissioner." This claim is based on the May 6, 1982 letter from the defendant's employee to the plaintiff advising the plaintiff to forward all further correspondence to the defendant's insurance company. The defendant argues that the plaintiff has failed to meet

the criteria necessary to invoke estoppel against a governmental defendant. We agree.

Estoppel against a governmental agency may be invoked only in limited instances and with great caution. *Greenwich* v. *Kristoff,* 2 Conn. App. 515, 522, 481 A.2d 77 (1984). "Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." *Zoning Commission* v. *Lescynski,* 188 Conn. 724, 731, 453 A.2d 1144 (1982). In order to invoke a claim of estoppel against a government agent, the claimant must also show that the government agent who induced the detrimental reliance had authority to act in such matters and that special circumstances exist which make it highly inequitable or oppressive to enforce the applicable law. *West Hartford* v. *Rechel,* 190 Conn. 114, 121, 459 A.2d 1015 (1983). Further, the party claiming estoppel in such cases must establish that he exercised due diligence in ascertaining the legality of his conduct, "and that he not only lacked the knowledge of the true state of things but had no convenient means of acquiring that knowledge." *Greenwich* v. *Kristoff,* supra.

Even if we assume that the evidence was sufficient to establish that the defendant's employee intended to induce the plaintiff to believe that the plaintiff could send the statutorily required notice to the insurance company instead of to the defendant, and that the plaintiff relied to his detriment upon that inducement, the evidence is insufficient to warrant the application of the estoppel doctrine against this defendant. There is no evidence that the plaintiff "lacked both knowledge

of the true state of things and a convenient way to ascertain it." Id., 523. To the contrary, it is clear that had the plaintiff "exercised due diligence in ascertaining the legality" of his conduct; id., 522; he would have known that the statute specifically required notice to the defendant rather than to the defendant's insurance carrier. This is not, therefore, one of those limited instances in which estoppel may be invoked against a government agent.[4]

There is error, the judgments are set aside and the cases are remanded to the trial court with direction to render judgments for the defendant.

In this opinion the other judges concurred.

---

[4] Because this issue is dispositive of these appeals, we do not reach the other issues raised by the defendant.