[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 117)
The giving of notice is a condition precedent to an action against the State under 13a-144 Connecticut General Statutes. There is no saving clause in the legislation creating the cause of action and hence if the notice is defective the action must fail. Zotta v. Burns, 8 Conn. App. 169.
The court (Berdon, J.) previously held that the notice required by statute was fatally flawed.
Thereafter, the plaintiff amended his complaint (#115) seeking to obviate the implications of defective notice. Paragraph 14 of the amended complaint alleges in substance that the defendant acknowledged receipt of the notice and indicated the matter would be investigated by his insurer who thereafter advised it had received the state's investigation report. From these facts plaintiff alleges the defendant "is estopped and has waived its right to statutory notice." Waiver and estoppel by conduct are "nearly indistinguishable." S.H.V.C. v. ROY,188 Conn. 503, 510.
Estoppel requires proof that the State acting through the Commissioner did or said something to induce plaintiff to believe that certain facts existed and to act on that belief; also the plaintiff must change his position to his detriment in reliance on those facts. Zotta v. Burns, supra, p. 175.
Here it was the plaintiff who failed to comply with notice requirements. It is not incumbent upon the State to "educate" the plaintiff. The instant matter is not one wherein the plaintiff was unable to assess the implications of his conduct or lacked the means of acquiring appropriate knowledge. Zotta v. CT Page 1277 Burns, supra, p. 175.
The plaintiff has not alleged the elements necessary to establish that the defendant Burns is estopped from asserting the defense of insufficient notice under the applicable statute.
Motion to Strike is granted.
The decision herein also applies to Docket No. 288465, Hood v. DiSturco et al.
JOHN C. FLANAGAN, Judge