[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is an action to recover for property damage brought under the defective highway statute, 13a-149 of the General Statutes. The defendant moves to strike count three of the plaintiff's CT Page 186 complaint on grounds that the notice given does not comply with the requirements of General Statutes 13a-149 and that 52-592, the accidental failure of suit statute, is not available to this plaintiff.
Because plaintiff's notice to the defendant patently fails to meet the requirements of 13a-149, and 52-592 is not available to this plaintiff, the motion to strike is granted.
Some reference to the procedural history is necessary.
By complaint filed on February 20, 1990, the plaintiff, Margaret Wise, brought this action against the defendants, the City of Stamford and police officer Duncan Stewart, an employee of Stamford. The plaintiff alleges negligence against Stewart in count one, indemnification of Stewart by Stamford, pursuant to General Statutes 7-465, in count two, and breach of a statutory duty to maintain a traffic light in count three. (See parties' memoranda of law.)
In paragraph six of count one, the plaintiff states: "This action is brought in accordance with Connecticut General Statute52-592 Accidental Failure of Suit statute, as amended, as the original law suit, known as Paul Wise, II vs. Town Clerk, City of Stamford, et al, bearing Docket No. CV 88-0025386 S at the Superior Court located in Milford was dismissed on January 16, 1990."
The "original law suit", was dismissed on the ground that the original plaintiff, Paul Wise, II, did not own the vehicle damaged in the alleged collision, and therefore lacked standing to sue for damages to it.
Certain facts are alleged in the complaint which procedurally for the purposes of this motion are admitted and have a bearing on the court's decisions.
On March 8, 1987, the plaintiff's car was struck at a Stamford intersection by Stewart, who was driving a police car. The accident was a result of Stewart's negligence and a defective traffic light. The plaintiff notified the defendant City of Stamford by three letters attached to the complaint. These notices were actually from Chubb Son, Inc., and were sent by Chubb's Subrogation Department. The plaintiff seeks monetary damages, attorney's fees and costs.
On April 8, 1991, the Court, Meadow, J., granted Officer Stewart's motion to strike the count against him.
On October 9, 1991, the City of Stamford filed a motion to strike the remaining two counts. At oral argument, on December 2, CT Page 187 1991, the plaintiff withdrew her objection to Stamford's motion to strike the indemnification count. It is ordered struck. Thus, only count three, alleging statutory breach of duty, pursuant to General Statutes 13a-149, is subject to this motion to strike.
"The purpose of a motion to strike is to `contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167, 544 A.2d 1185 (1988).
The defendant first moves to strike count three on the ground that the plaintiff, anticipating a statute of limitations defense, incorrectly attempts to bring this suit under 52-592, the accidental failure of suit statute. Although a statute of limitations defense must generally be specially pleaded, Practice Book 164, a defendant may move to strike a complaint when the plaintiff anticipates such a defense, and endeavors to overcome its effect by appropriate allegations in the complaint, such as those made in this lawsuit stating the plaintiff was bringing an action pursuant to a savings statute. Guaranty Bank and Trust Co. v. Kaminsky, 33 Conn. Sup. 512, 514-15, 336 A.2d 909 (1976).
The defendant argues that the plaintiff in the original action must be the same plaintiff in the new action. The plaintiff, on the other hand, relies on Isaac v. Mount Sinai Hospital, 210 Conn. 721,557 A.2d 116 (1989), for the proposition that where the change in parties is merely nominal, or where the identity of interest is the same in both the original action and the new action, a savings statute such as 52-592 is applicable.
Section 52-592 (a) permits a plaintiff to file a new action, beyond the statute of limitations bar, within one year of the dismissal of the original action, with certain limitations. Pintavalle v. Valkanos, 216 Conn. 412, 414, 581 A.2d 1050 (1990).
Section 52-592a by its terms refers to the plaintiff "in any action, commenced within the time limited by law [which] has failed one or more times to be tried on its merits. . . ."[1]
For this plaintiff to avail herself of 52-592, she must have been the plaintiff in the original action. Paul Wise, II, was the plaintiff in the original action, while Margaret Wise is the plaintiff in the new action. The Isaac case, supra, is distinguishable from the situation in this case because Ms. Isaac brought a wrongful death action as an administratrix of an estate before she had actually been appointed, and then after her first suit was dismissed relied on 52-592 to resurrect her original suit after she was appointed. Ms. Isaac was the same human being purporting to act in a representative capacity in the first case when no formal appointment of her had yet been made, and acting in CT Page 188 the second suit in such capacity after formal appointment of her had been accomplished in Probate Court.
The accidental failure of suit statute was designed to permit a plaintiff whose action failed to "commence a new action and where the action has been dismissed for want of jurisdiction." It does not permit some new plaintiff to commence a new action where a different plaintiff's action has failed.
The defendant also moves to strike the third count on the ground that the plaintiff has failed to comply with the notice requirements of General Statutes 13a-149.
When ruling on a motion to strike, the court may look to the entire pleadings, including exhibits attached to the complaint, in order to determine whether the pleadings are legally sufficient as a matter of law. Gordon, supra, 179; Utley v. Nolan, 134 Conn. 376,377, 58 A.2d 9 (1948).
In its memorandum the defendant argues that notice was not given to the city clerk within 90 days.
Section 13a-149 provides, in relevant part:
 No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of the city or borough, or to the secretary or treasurer of such corporation.
A statutory right of action must be strictly construed. Zotta v. Burns, 8 Conn. App. 169, 173, 511 A.2d 373 (1986). "[T]he trial court . . . must determine whether, as a matter of law, a purported notice `patently meets or fails to meet' . . . the statutory requirements." Id., 173, quoting Morico v. Cox, 134 Conn. 218,223, 56 A.2d 522 (1947). Only where it patently meets these requirements does the question of its sufficiency get determined by a trier of fact.
The complaint alleges that the injury occurred on or about March 8, 1987. Pursuant to 13a-149, the plaintiff would have been required to furnish adequate notice to the appropriate town official no later than June 6, 1987. As previously noted, the plaintiff has attached copies of three "notice" letters to the complaint, dated May 11, June 9 and July 10, 1987. All are addressed as follows: CT Page 189
 City of Stamford 888 Washington Blvd. Stamford, CT 06902
Of these letters, only the one dated May 11, 1987 meets the 90 day time limit. Furthermore, that letter fails in any way to describe the injury, state its cause, and the time and place of its occurrence, all of which are required of the letter by 13a-149.
The plaintiff argues that the sufficiency of the notice is an issue of fact to be determined by the jury, not the judge on a summary judgment motion. This argument misapprehends the allocation of the respective duties between judge and jury with respect to statutory written notice of claim that 13a-149
contemplates. If there is some reference in the statutory written notice to matters relating to the injury to property and the time and place where it occurs then there may well be enough for a court to make a preliminary finding that the notice patently meets the statute and for the issue of sufficiency to be determined by the jury. However, where the notice gives no information on particulars required to be revealed in the statutory written notice to the municipality, there can be no finding by the judge that there is patent compliance with the statute. Whether there is patent compliance is a question of law for the court, not a factual issue. There is no patent compliance here.
For all these reasons, the motion to strike is granted.
FLYNN, J.