[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR PERMISSION TO JOIN AS PARTY PLAINTIFF (#103)
In the above matter, the applicant, Aetna Casualty CT Page 2754 Surety Co. seeks permission to be joined as a party plaintiff with the plaintiff in the above action. The applicant alleges it has paid basic reparations to the plaintiff herein. As a non-private passenger automobile owner, the applicant has no lien to recover its share of the basic reparations paid. Rather than maintain a separate action, the applicant seeks permission to be joined with the plaintiff as a party in the lawsuit between the plaintiff and the defendant. Section 38a-369 (c) gives the insurer the right of subrogation to recover the funds paid as basic reparations. Amica Mutual Insurance Co. vs. Barton, 1 Conn. App. 569, 572.
The applicant argues that being allowed to join as a party plaintiff will promote judicial economy by eliminating the need for a separate action by the insurer to recover the funds paid. Simply put, the statute gives the insurer the right to maintain an action against the tortfeasor, but no right to intervene as a co-party plaintiff. The applicant argues that granting of its application would eliminate the need for another law suit. However, allowing a new party in the pending suit involves such matters as extending jury selection, cross examination and discovery. Judicial economy would not be achieved.
In the context of Workers' Compensation (Ch. 568, General Statutes), the legislature has provided that in a suit brought by an employee or employer against a third party, allegedly liable to pay damages for an injury sustained, the other party may join as a party plaintiff, in such action. Section 31-293 C.G.S.
Section 38a-369 (c) creates an exception to the rule at common law against an assignment of a cause of action for personal injuries. Berlinski vs. Ovellette, 164 Conn. 482, 493. Statutes creating an exception to the common law are strictly construed. Zoltan vs. Burns, 8 Conn. App. 169, 173.
The application for joinder as a party plaintiff is denied. CT Page 2755
BURNS, JUDGE