[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action seeks damages for personal injuries allegedly suffered by the plaintiff as he was operating his motor vehicle on the Quinnipiac Bridge on Interstate 95 in New Haven on August 9, 1986. The suit is brought against the Commissioner of Transportation, presumably pursuant to General Statutes Section13a-144, and is based on a claim that an expansion plate came out of the bridge causing an accident resulting in the injuries to the plaintiff.
Before the court is the defendant's motion for summary judgment claiming that the statutory notice is patently defective in that it fails to adequately describe the location of the alleged defect and fails to describe any injury.
A motion for summary judgment may be used to challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). Summary judgment shall be rendered "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805
(1987). "The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact." (Citations omitted.) Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., 247, quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982). CT Page 7385
General Statutes Sec. 13a-144 provides in relevant part:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk . . . may bring a civil action to recover damages. . . . No action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
(Emphasis added.) General Statutes Sec. 13a-144.
"Giving statutory written notice is a condition precedent to maintaining an action under General statutes Sec. 13a-144. (Citation omitted.) Curry v. Burns, 27 Conn. App. 439, 441,606 A.2d 731 (1992).
"[T]he requisite notice serves a dual purpose, (1) to prompt the commissioner to make the inquiry deemed necessary for the protection of his interests, and (2) to afford the information reasonably necessary to enable him to make inquiry to that end." LoRusso v. Hill, 139 Conn. 554, 560, 95 A.2d 698 (1953).
"[T]he question of the adequacy of notice `is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case.'" Zotta v. Burns, 8 Conn. App. 169, 173,511 A.2d 373 (1986), quoting Morico v. Cox, 134 Conn. 218, 223,56 A.2d 522 (1947). However, before submitting this question to the jury, "the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet' the statutory requirements." Zotta, supra, 173, citing Morico, supra, 223.
The issue of the adequacy of the plaintiff's statutory notice has been before the court in this case on two occasions. The defendant initially attacked the adequacy of the notice as it related to the description of the injuries by way of a motion to strike. This motion was denied by the court (Berdon, J.) on October 2, 1989. The claim with respect to the description of CT Page 7386 the injuries was raised again in a motion for summary judgment which was denied by Judge Berdon in a memorandum filed February 15, 1991.
The motion before the court at this time again claims that the description of the injuries is inadequate, and also adds a claim that the notice is defective because it fails to adequately describe the location of the alleged defect.
As far as the claim that the notice is defective for failure to adequately describe the injury is concerned, it appears to this court that the defendant has been heard on that claim on two prior occasions, with adverse rulings both times, and the so-called "law of the case" is applicable.
"`Law of the case' is the controlling legal rule of decision, as established by a previous decision, between the same parties in the same case." 21 CJS Sec. 195, p. 330. It is a flexible principle which expresses the general practice of judges to refuse to reopen what has been decided and is not a limitation on their power. Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066
(1982). It is a rule of practice and not a principle or substantive law. 21 CJS Sec. 195, p. 330-1.
Where a matter has been previously ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. Breen, supra. 99. New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored, "[b]ut a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause." Breen, supra, 99, quoting Wiggin v. Federal Stock 
Grain Co., 77 Conn. 507, 516, 59 A. 607 (1905).
A judge should hesitate to change his own ruling in a case and should be even more reluctant to overrule those of another judge. Breen, supra, 99.
The plaintiff's statutory notice of the alleged injury has already been ruled sufficient to be presented to the trier of fact by Judge Berdon on two occasions. Accordingly, the doctrine of law of the case should prevail regarding this claim and the motion for summary judgment is denied on this ground.
The second ground presented by the defendant in support of the instant motion for summary judgment is that the plaintiff's statutory notice is defective because it fails to adequately CT Page 7387 describe the location of the alleged defect. This claim has not been previously considered by the court. However, the legal issue raised is the same as the one raised and ruled upon by Judge Berdon.
The question of the adequacy of the notice, no matter how it is alleged to be defective, is ordinarily a question for the jury. Before submitting the question to the jury the court must decide, as a matter of law, whether the notice "patently meets or fails to meet" the requirements of the statute. See Zotta, supra, 173.
In this case the notice describes the location of the alleged defect as "Eastwood on Interstate 95, on the Quinnipiac Bridge in New Haven."
In McGrath v. Carlin Contracting Company,1 Conn. L. Rptr. 634, 635 (May 17, 1990, Mulcahy, J.), the plaintiff's statutory notice of location described a "bump on [the] Salmon River Bridge." The court denied a motion to dismiss and found that the notice of location was not insufficient as a matter of law.
Similarly, in Lopez v. Burns, 1 Conn. L. Rptr. 663 (May 24, 1990, Maloney, J.), the plaintiff's description of "Route I-84 entrance ramp #60" did not patently fail to meet the statutory requirement and was sufficient to be presented to the trier of fact. The court denied a motion to strike stating that the description on its face is sufficient to enable the defendant commissioner to conduct an inquiry to protect the state's interests. Id.
"Whether the notice fails to meet the requirements of the statute must be determined by examining the purpose of the notice." Ozmun v. Burns, 18 Conn. App. 677, 680 (1989). The purpose of the notice is not to make it procedurally difficult for an injured person to sue for damages, but merely to give the Commissioner such information as would enable him to make a timely investigation with respect to the claim. See LoRusso v. Hill, 139 Conn. 554, 557 (1953).
In this case the court is unable to find that the notice patently fails to meet the statutory requirements.
Accordingly, for the reasons above stated, the motion for summary judgment is denied.
WILLIAM L. HADDEN, JR., JUDGE CT Page 7388