[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
This case arises out of a motor vehicle accident in which the plaintiffs claim they were injured by a Connecticut auxiliary state trooper operating a Connecticut state police cruiser. The first two counts of the complaint allege negligence on the part of the trooper and claim that the state is responsible for the plaintiffs' injuries by virtue of General Statutes § 52-556. The state suggests that the third and fourth counts of the revised complaint allege recklessness, but the plaintiffs have represented both in their memorandum of law and at oral argument that the third and fourth counts are designed only to allege negligence per se by virtue of Lambert's alleged violation of certain statutes. The plaintiffs have, however, included in their prayer for relief a request for double or treble damages pursuant to General Statutes § 14-295, which provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of §§ 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
As to the third and fourth counts, although they allege that Lambert violated General Statutes §§ 14-232, 14-218a, 14-219,14-222, 14-230 and 14-237 with "reckless disregard", the plaintiffs represent that they seek by these counts only to be able to establish negligence per se by virtue of their proof of the violation of these statutes. They acknowledge, however, that CT Page 5326 they plan to pursue double or treble damages pursuant to General Statutes § 14-295, as stated in their prayer for relief.
It is well-established law that the state is immune from suit unless it consents to be sued. Fidelity Bank v. State, 166 Conn. 251
(1974). Unless the legislature has authorized suit, this state is protected by sovereign immunity. Duguay v. Hopkins,191 Conn. 222 (1983). Statutes granting consent to sue must be strictly construed. Hewison v. New Haven, 34 Conn. 136, 144
(1867); Zotta v. Burns, 8 Conn. App. 169, 174 (1986).
General Statutes § 52-556 specifically authorizes suit against the state arising out of the negligence of any state official or employee when operating a motor vehicle owned and insured by the state. Neither that statute, nor any other, however, authorizes actions against the state based on recklessness. Because, in order to recover double or treble damages against a defendant, a plaintiff must show that the tortfeasor acted "deliberately or with reckless disregard" in violation of one or more of the enumerated statutes, the plaintiffs are not entitled to recover such damages against the state, which has not consented to be sued under this theory of liability.
This precise issue has been considered and resolved in favor of the state in two prior well-reasoned Superior Court decisions.Nieves v. Lane, (1993) WL 7542 (Conn.Super. 193 Leheny, J.);Brinkman v. State, Docket No. 332354, judicial district of Hartford/New Britain at Hartford (1988, Hale, J.). This court agrees with the reasoning of those two cases and the precedent that supports them, and it therefore grants the motion to strike the prayer for relief grounded in General Statutes § 14-295. Based on the plaintiffs' representation that counts three and four are intended only to allege negligence per se, the court strikes only the words "with reckless disregard to the plaintiffs' safety" wherever they appear in those counts.
Jonathan E. Silbert, Judge CT Page 5327