[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 13, 1997
In its two count complaint the plaintiff claims to have sustained injuries on the property of the Waterbury Housing Authority and seeks damages pursuant to Section 8-67 of the Connecticut General Statutes in the first count, and Section 882-109 of the Code of Federal Regulations in the second count. Defendant has moved for summary judgment claiming a failure to provide requisite notice to the defendant as required by Section8-67. Plaintiff responds that, among other things, a genuine issue of material fact remains with respect to the claim of noncompliance.
"Summary judgment is appropriate if there are not genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Practice Book Section 384 provides: The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party. (Citations omitted; internal quotation marks omitted.) Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is nevertheless] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. (Citations omitted, internal quotation marks omitted.) The mere presence of an adverse claim will not in itself defeat the motion. (Citations omitted.)" Busconi v. Dighello,39 Conn. App. 753, 761-62 (1995).
Section 8-67 provides as follows with respect to injuries sustained on Housing Authority property: "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause CT Page 2267 of action therefor arose."
There is no question that Section 8-67 constitutes a waiver of sovereign immunity and that, ". . . a party attempting to sue under the legislative exception must come clearly within its provisions, because statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . . Among the statutes in derogation of sovereignty and subject to the rule requiring strict construction in favor of the state are those allowing suits against the state or its representative, creating a claim against the state or waiving immunity from liability. (Citations omitted; internal quotations marks omitted.)" Berger, Lehman Associates, Inc. v. State,178 Conn. 352, 356 (1979). See also Zotta v. Burns, 8 Conn. App. 169, 173
(1986).
In considering the issue of compliance with Section 8-67 it is important to view the language of the statute in the context of its purpose. In Lussier v. Dept. Of Transportation,228 Conn. 343, 354 (1994), the court noted, in connection with Section13a-149 of the General Statutes (defective highway statute), "[t]he notice requirement is not intended merely to alert the [defendant] to the occurrence of an accident and resulting injury, but rather to permit the [defendant] to gather information to protect himself in the event of a lawsuit . . . The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection."
In the case at bar the plaintiff has submitted the affidavit of Diana Diggs, daughter of plaintiff, who claims to have given "the details" of plaintiff's fall the day after the incident to Troy Sherfield, a Waterbury Housing Authority employee; that Mr. Sherfield made a "written statement" of the information provided, placed it in her file at the Housing Authority, and indicated that an insurance agent would make contact. Ms. Diggs claims further that the next month "an insurance adjuster representing the Waterbury Housing Authority" came to her apartment and "prepared a written statement" concerning plaintiff's injuries "and claim for damages against the Housing Authority." The CT Page 2268 defendant submits the affidavit of Troy Sherfield who claims to be employed as project manager by the defendant and attests that he did prepare "an incident report based on information provided orally by the plaintiff'; but, that neither he nor the Housing Authority received "written notice of the plaintiff's intention to commence an action against the defendant, . . . or of the time when and place where the plaintiff's damages were sustained." Neither party has submitted any documentation other than the aforementioned affidavits, so that this court has no way of determining the contents of any writing alluded to.
Construing the above stated material in a light most favorable to the plaintiff, the written documents authored by Mr. Sherffield and the "insurance adjuster" might well include plaintiff's intention to commence an action for damages as well as the time when and place where the damages were incurred; or, at least, the evidence submitted raises a question of fact in that regard. Furthermore, as long as the statutory written notice is provided, it would appear to be of no moment that the actual document or documents involved were not prepared by the plaintiff but, rather, by agents of the defendant, Section 8-67; particularly, bearing in mind the previously stated purpose of the notice requirements.
The one deficiency, then, based on the materials submitted by the parties appears to be the failure to file the notice "with the chairman or the secretary of the authority," Section 8-67. No evidence submitted can be construed to satisfy that requirement. Obviously, the significance of the requirement is that the Housing Authority should not be put in the position of having to search its entire records and interrogate employees to determine the existence of claims of this nature. However, in this matter the purpose behind the requirement has been satisfied. Clearly, the notice was received by the appropriate party entrusted with the responsibility of handling claims of this nature, the insurance carrier. Under such circumstances failure to file such notice with the specific authority should not be treated as a failure of notice as a matter of law. See Martinez v. City ofMeriden, Superior Court, Judicial District of New Haven, Docket No. CV94-0365941 S, 15 CONN. L. RPTR. 403 (Nov. 6, 1995).
For the above stated reasons this court finds that, viewing the evidence in a light most favorable to the plaintiff, genuine issues of material fact remain unresolved and, therefore, defendant's motion for summary judgment is Denied.
CT Page 2269
Fasano, J.