MARIA SERRANO *v.* J. WILLIAM
BURNS, COMMISSIONER OF
TRANSPORTATION, ET AL.
(AC 21654)

Schaller, Flynn and Hennessy, Js.

Submitted on briefs January 11—officially released May 21, 2002

*James H. Lee* filed a brief for the appellant (plaintiff).

*Louis B. Blumenfeld* filed a brief for the appellee (named defendant).

*Opinion*

FLYNN, J. The plaintiff, Maria Serrano, appeals from the judgment of the trial court rendered in favor of the defendant J. William Burns, commissioner of transportation,[1] following the granting of the defendant's motion for summary judgment. The dispositive issue on appeal is whether the plaintiff's written notice of claim was so patently defective that it failed to meet the statutory requirements of the highway defect statute, General Statutes § 13a-144,[2] and, therefore, warranted the sum-

[1] The plaintiff also named the city of Middletown as a defendant in this action. The city is not, however, involved in this appeal. We refer in this opinion to the commissioner as the defendant.

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and

mary judgment rendered in favor of the defendant. We answer that question in the negative and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On September 20, 1996, the plaintiff filed an amended complaint alleging that she had suffered injuries as a result of slipping and falling on ice and snow while walking in a public parking lot located at a rest stop off of Interstate 91 in Middletown. In an attempt to comply with the notice provisions of § 13a-144, the plaintiff timely sent a letter to the defendant, which set forth the plaintiff's name, the time and date of the incident, the cause of the injury, a general description of the injury and the place of its occurrence. The issue in this case arises because the letter indicated that the place of occurrence was the "State of Connecticut Rest Area, Middletown, Connecticut, between exits 19 and 20 on Interstate 91 (rear lot)" whereas other documentation indicated that the fall occurred on a handicapped sidewalk ramp.

Thereafter, the defendant filed a motion for summary judgment on the ground that the statutory notice was defective as a matter of law both because the plaintiff failed to describe the precise location of the alleged highway defect and because the plaintiff identified the wrong location. In support of its motion, the defendant filed a copy of the plaintiff's § 13a-144 notice of claim, a portion of the plaintiff's deposition and a copy of a February 24, 1998 brief filed by the plaintiff in the Appellate Court.[3] The defendant claimed that the notice

of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

[3] This case was the subject of a prior appeal to this court in which the plaintiff claimed that the trial court improperly had rendered summary judgment in favor of both the named defendant and the city of Middletown. Subsequently, the city's motion to dismiss the appeal as untimely was granted. Thereafter, the case was transferred to our Supreme Court, which reversed the judgment of the trial court after determining that the trial court improperly concluded, as a matter of law, that the parking lot where the

of claim indicated that the injury occurred in the "rear lot" while the other two documents submitted indicated that the injury occurred not in the parking lot but on a handicapped sidewalk ramp, a location that was not as precise and, in fact, different from the "rear lot" location identified in the notice of claim. The court agreed and granted the defendant's motion for summary judgment after concluding that (1) it could not find that a fall on a handicapped sidewalk ramp is the same as a fall in the rear parking lot and (2) the description of the place of injury patently failed to meet the test set forth in *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 636 A.2d 808 (1994), for satisfying the requirements of § 13a-144. We note that the plaintiff's notice indicated that she was injured in the *rear lot*. We further note that, despite the defendant's claim and the court's ruling to the contrary, there was nothing in the notice to indicate that the injury occurred in the *parking lot*.[4] This appeal followed.

The plaintiff claims that the court improperly rendered summary judgment in favor of the defendant on the ground that her statutory notice of claim was deficient as a matter of law. She claims that the question of the adequacy of the notice was one for the jury. We agree.

plaintiff was injured was not within the ambit of General Statutes § 13a-144, and, therefore, that the court should not have rendered summary judgment in favor of the defendant. See *Serrano* v. *Burns*, 248 Conn. 419, 727 A.2d 1276 (1999). The brief that the defendant submitted in support of the summary judgment that is at issue here is the plaintiff's memorandum of law in opposition to the city's motion to dismiss.

[4] The court's oral ruling on the defendant's motion for summary judgment did not refer to the plaintiff's complaint. We note that the complaint states that the plaintiff's fall occurred in the parking lot. The fact that the statutory written notice did not so refer does not render the notice patently defective. "The notice need not be expressed with the fullness and exactness of a pleading." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 356.

We first set forth our well established standard of review of a trial court's decision to grant a motion for summary judgment. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *LaSalle National Bank* v. *Shook*, 67 Conn. App. 93, 95, 787 A.2d 32 (2001). Practice Book § 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *New Haven Savings Bank* v. *LaPlace*, 66 Conn. App. 1, 6, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001). Because the court in the present case rendered judgment for the defendant as a matter of law, our review is plenary.

The test as to whether a notice of claim is patently defective is not whether the written description is exactly the same as the other evidence of the place of injury but rather, as set forth in *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 357, whether it provides "sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." "The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such

information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Internal quotation marks omitted.) Id., 354. Accordingly, "the sufficiency of notice is to be tested with reference to the purpose for which it is required . . . ." (Citation omitted; internal quotation marks omitted.) *Tedesco* v. *Dept. of Transportation*, 36 Conn. App. 211, 213, 650 A.2d 579 (1994).

"There are many circumstances when precision will be difficult, if not impossible to achieve . . . . [Contrary to the assertions of the defendant] precision is, therefore, not essential in order to comply with [the notice provisions of] § 13a-144." *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 356. What is required is "reasonable definiteness." Id. "The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person." (Internal quotation marks omitted.) Id., 354.

"Ordinarily, the question of the adequacy of notice is one for the jury . . . ." (Internal quotation marks omitted.) *Murray* v. *Commissioner of Transportation*, 31 Conn. App. 752, 755, 626 A.2d 1328 (1993). "Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 354, quoting *Morico* v. *Cox*, 134 Conn. 218, 223, 56 A.2d 522 (1947).

We conclude that, in the present case, the plaintiff's notice is dissimilar to the notices in other cases in which the common thread is that the court found that the notice at issue identified the wrong location. See, e.g., *Ozmun* v. *Burns*, 18 Conn. App. 677, 679 n.3, 680–81,

559 A.2d 1143 (1989) (notice describing location using "north" in place of "south" and "east" in place of "west" erroneous because notice described location where accident did not occur); *Zotta* v. *Burns*, 8 Conn. App. 169, 170, 511 A.2d 373 (1986) (location identified as "route 6 in Bolton" and accident occurred on "Camp Meeting Road in Bolton"). In both *Ozmun* and *Zotta*, the court determined that the notices at issue were patently defective because they directed the commissioner to locations markedly different from the ones where the injuries actually had occurred. That is not the case here. The notice at issue did not pinpoint the wrong area by referring to erroneous exit numbers or stating the wrong route number.

We also conclude that the plaintiff's description of the location where her injury occurred is not so indefinite as to render her notice of claim patently defective when compared with the descriptions in cases in which notice was found to be patently defective. One line of these cases has as its common thread a description so vague in its breadth that the commissioner could not reasonably be expected to make a timely investigation based on the information provided. See, e.g., *Bresnan* v. *Frankel*, 224 Conn. 23, 25–26, 615 A.2d 1040 (1992) (location identified as "Route 14A, Plainfield, Connecticut," without any further detail and where Route 14A was six mile stretch of road); *Schaap* v. *Meriden*, 139 Conn. 254, 256, 93 A.2d 152 (1952) (location identified as "near the edge of a manhole cover" without identifying particular one of numerous manhole covers existing on main street); *Murray* v. *Commissioner of Transportation*, supra, 31 Conn. App. 753 (location identified simply as "the northern curbline of Route 22" and Route 22 was public highway running through North Haven); *Moffett* v. *Burns*, Superior Court, judicial district of Litchfield, Docket No. 047435 (July 12, 1988) (3 C.S.C.R. 636) (location identified as "Route 109, New Milford, Connecticut

06776"), aff'd, 18 Conn. App. 821, 559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989).

Here, the defendant has offered no proof that the "rear lot" of a particular rest stop encompasses such an expansive area that it fails to guide him in making an intelligent inquiry into the case. Given the record before us, the defendant is not being asked to range over a six mile stretch of roadway or check a score of manhole covers or several rest areas to try to locate where it was that the plaintiff fell and was injured. A notice providing that broad of a description would be patently defective.

The plaintiff's notice is more similar to the notices in more recent cases in which both this court and our Supreme Court have concluded that the notice at issue was not patently defective. See, e.g., *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 353 (location identified as "on rte. 617 [Also known as the rte. 49 access rd. in the town of North Stonington, CT.] . . . vehicle [came] to rest . . . in the Shunock River" sufficient although some details omitted); *Tedesco* v. *Dept. of Transportation*, supra, 36 Conn. App. 212, (location identified as "sidewalk on Route 202 . . . in the Town of Torrington at the bridge known as 'the Center Bridge' while walking north on the eastern side of said bridge, in the area adjacent to the Downtown Torrington Shopping Center"). Even if the notice in the present case is not viewed as being as definite as the notices in *Lussier* and *Tedesco*, we conclude that the question of its adequacy is one for the jury because the notice is not patently defective.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.