******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WALTER WASILEWSKI *v.* COMMISSIONER
OF TRANSPORTATION
(AC 35019)

Beach, Mullins and Borden, Js.

*Argued May 20—officially released September 2, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*Matthew J. Corcoran*, for the appellant (plaintiff).

*Lorinda S. Coon*, with whom, on the brief, was *Jacob
P. Riley*, for the appellee (defendant).

*Opinion*

MULLINS, J. The plaintiff, Walter Wasilewski, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, the Commissioner of Transportation. The plaintiff claims that the trial court improperly (1) did not hold oral argument before it granted the motion to dismiss, and (2) ruled that it lacked subject matter jurisdiction over his action because his notice to the defendant of the alleged highway defects was patently defective and therefore insufficient under General Statutes § 13a-144. We affirm the judgment of the trial court.

The following facts, as alleged in the plaintiff's complaint, and procedural history are relevant to the present appeal. On December 11, 2010, at approximately 7 p.m., the plaintiff rode his bicycle in a southerly direction on Main Street, a state highway, in Middlefield. He sustained injuries after he rode over a series of potholes, all of which were located between 136 and 143 Main Street. The plaintiff claimed that the defendant, by and through his agents, employees, and servants, negligently created, inspected, and maintained the specified defects on the specified section of Main Street.

On March 10, 2011, the plaintiff served statutory notice of his highway defect claim upon the defendant in accordance with § 13a-144.[1] The plaintiff alleged three specific defects in his statutory notice.

The first defect he alleged was "a series of potholes located along the center yellow line of Main Street approximately 60 feet south of its intersection with Ross [Road][2] and located between the properties known as 143 Main Street, Middlefield, Connecticut and 140 Main Street, Middlefield, Connecticut."

The second defect he alleged was "a series of potholes located in the southbound lane of travel of Main Street, Middlefield, Connecticut located approximately three feet north of the northern edge of the driveway servicing the property know as 140 Main Street, Middlefield, Connecticut. These potholes were located approximately midway between the yellow dividing line and the western curbline of Main Street, Middlefield, Connecticut."

The third defect he alleged was "a pothole on Main Street, Middlefield, Connecticut located along the western curbline and abutting the south edge of the driveway servicing the property known as 136 Main Street, Middlefield, Connecticut and abutting a small stone wall fronting the property known as 136 Main Street, Middlefield, Connecticut."

After the plaintiff served this notice, on March 5, 2012, the defendant moved to dismiss the plaintiff's action on the ground that the plaintiff's notice was patently defective under § 13a-144. This defective

notice, the defendant claimed, deprived the court of subject matter jurisdiction over the action. Specifically, the defendant argued that "[t]he plaintiff has provided a notice that is not vague, it is incorrect. The notice identifies locations that do not exist."

Attached to the defendant's motion to dismiss was a true and accurate copy of an official tax assessment map of a portion of the town of Middlefield that included Main Street's intersection with Ross Road. The map shows that Main Street runs generally north and south; when it reaches Ross Road, however, it turns and runs generally in an easterly direction. On the portion of the map that shows where Main Street runs in an easterly direction, an office assistant for the Middlefield building and land use department handwrote on the map the house numbers for some of the properties on that section of Main Street.

In particular, the office assistant transcribed the house numbers for those houses located at 130, 136, and 140 on the even numbered side of the street, and 135 and 143 across the street on the odd numbered side of Main Street. These numbers also go in ascending order as one travels from east to west. The court used these house numbers to interpret the plaintiff's statutory notice.[3] At house number 140 and where Main Street intersects with Ross Road, Main Street turns in a southerly direction. All these properties are located to the east of the Ross Road and Main Street intersection; none of them is located to the south of that intersection.

On March 14, 2012, the plaintiff filed a motion for a thirty day extension of time to respond to the defendant's motion to dismiss; the court granted that motion on March 15, 2012. The plaintiff then filed a motion for a ninety day extension of time to respond on April 9, 2012. The court granted it in part on April 23, 2012, and ordered the plaintiff to file his brief on or before May 18, 2012. The plaintiff accordingly filed his objection to the motion to dismiss on May 18, 2012. He did not submit any exhibits in support of his objection and instead relied upon the tax assessment map submitted by the defendant. Neither party claimed the motion to dismiss after the plaintiff filed his objection, and, therefore, it never appeared on the short calendar.

Nonetheless, in a written memorandum of decision, the court granted the motion to dismiss on July 26, 2012. The court found that the plaintiff alleged that he was traveling southbound on Main Street at the time of the accident; however, a person traveling southbound on Main Street does not go from 143 Main Street to 136 Main Street. Therefore, as to the plaintiff's first alleged defect—potholes located sixty feet south of Main Street's intersection with Ross Road and between the properties known as 143 and 140 Main Street—the court found that there is no location that fits the plaintiff's

description. The court noted that "neither 140 Main Street nor 143 Main Street lie south of Ross Road."

As to the second defect—a series of potholes located in the southbound travel lane approximately three feet north of the north edge of the driveway servicing 140 Main Street—the court found that the plaintiff's descriptions set forth separate and mutually exclusive locations of the defect. Specifically, the court found that three feet away from the driveway would be in the northbound travel lane, as the southbound travel lane runs in front of 143 Main Street, not 140 Main Street. "Therefore, the defect was either in the southbound travel lane (in front of 143 Main Street) or three feet north of 140 Main Street (in the northbound travel lane). The defect could not be both in the southbound travel lane and three feet north of 140 Main Street."

As to the third defect—a pothole located "along the western curbline and abutting the south edge of the driveway servicing the property known as 136 Main Street"—the court found that "Main Street does not have a western curbline at 136 Main Street. It has northern and southern curblines. Only the northern edge of the 136 Main Street property abuts Main Street, so it is not possible for the defect to be on Main Street *and* abutting the south edge of the driveway. The area described as the location of the third defect does not exist." (Emphasis in original.)

On the basis of the foregoing, the court concluded: "[T]he notice here was not merely vague, it was so inaccurate that it described locations of the alleged defects that were mutually exclusive, leaving the defendant with no way to infer any reasonable estimate of the location of the defects." The plaintiff filed a motion to reargue on August 15, 2012, in which he contended that the court had deprived him of his right to have oral argument on the motion and had incorrectly concluded that his notice described "defects that were mutually exclusive." The court denied the motion to reargue on August 16, 2012. This appeal followed.

The plaintiff claims that the court improperly did not hold oral argument on the motion to dismiss before it granted the motion, even though he was entitled to oral argument as a matter of right under Practice Book § 11-18. The plaintiff also claims that the court improperly concluded that his notice was insufficient because "only an absurd and unreasonable interpretation of the language . . . would result in any confusion or question as to the location described." We are not persuaded by either claim.

Before addressing the merits of the plaintiff's claims, we set forth our standard of review. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [W]hether subject matter jurisdiction exists is a question of law, and

our review of the court's resolution of that question is plenary. . . . Likewise, whether the plaintiff's notice was patently defective and, thus, failed to meet statutory requirements also is a question of law requiring our plenary review." (Citation omitted; internal quotation marks omitted.) *Tyson* v. *Sullivan*, 77 Conn. App. 597, 601, 824 A.2d 857, cert. denied, 265 Conn. 906, 831 A.2d 254 (2003). "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts in a particular case. . . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Internal quotation marks omitted.) Id., 601 n.7.

"In enacting § 13a-144, the legislature explicitly waived the state's sovereign immunity in certain actions in which the injuries allegedly resulted from a defective highway. . . . [B]ecause there was no right of action against the sovereign state at common law, a plaintiff, in order to recover, must bring himself within § 13a-144." (Citation omitted; internal quotation marks omitted.) Id., 602. "The test as to whether a notice of claim is patently defective is not whether the written description is exactly the same as the other evidence of the place of injury but rather . . . whether it provides sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently. The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . . Accordingly, the sufficiency of notice is to be tested with reference to the purpose for which it is required . . . .

"There are many circumstances when precision will be difficult, if not impossible to achieve. . . . [P]recision is, therefore, not essential in order to comply with [the notice provisions of] § 13a-144. . . . What is required is reasonable definiteness." (Citations omitted; internal quotation marks omitted.) *Serrano* v. *Burns*, 70 Conn. App. 21, 25–26, 796 A.2d 1258, cert. denied, 261 Conn. 932, 806 A.2d 1066 (2002).

Turning first to the adequacy of the plaintiff's statutory notice, we conclude that the notice given to the defendant failed to satisfy the statutory notice requirement. This court has determined that statutory notice that provides the wrong location of the accident is inadequate notice. See *Ozmun* v. *Burns*, 18 Conn. App. 677, 680–81, 559 A.2d 1143 (1989). Here, the plaintiff has

done precisely that. The plaintiff's notice provided locations of the defects that either did not exist or could not have been geographically accurate. These descriptions in turn resulted in a notice that lacked "reasonable definiteness," and therefore was patently defective under § 13a-144. Accordingly, we agree with the court's analysis and assessment, and we reject the plaintiff's claim that the court "erred in granting the motion to dismiss because the highway defects were properly noticed."[4]

Our resolution of the merits of the plaintiff's statutory notice claim is also dispositive of the plaintiff's claim that he is entitled to a reversal because the court improperly did not hold oral argument on the motion to dismiss before granting it. In making his claim, the plaintiff relies on Practice Book § 11-18 (a), which provides in relevant part: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss . . . . For those motions, oral argument shall be a matter of right, provided: (1) the motion has been marked ready in accordance with the procedure that appears on the short calendar on which the motion appears, or (2) a nonmoving party files and serves on all other parties . . . a written notice stating the party's intention to argue the motion or present testimony. Such a notice shall be filed on or before the third day before the date of the short calendar date and shall contain (A) the name of the party filing the motion and (B) the date of the short calendar on which the matter appears."

"[E]ven though Practice Book § 11-18 grants . . . oral argument as a matter of right, it is not automatic but must be claimed for argument as provided [by the rule]." (Internal quotation marks omitted.) *Curry* v. *Allan S. Goodman, Inc.*, 95 Conn. App. 147, 152, 895 A.2d 266 (2006). The plaintiff further argues that he could not claim the motion for oral argument as a matter of right because it was not scheduled for short calendar after he filed his objection to the motion to dismiss.

We agree with the plaintiff that he was entitled to oral argument on the motion to dismiss as a matter of right under Practice Book § 11-18. We nonetheless deem the court's decision to grant the motion without hearing oral argument on it to be harmless error. "In order to constitute reversible error . . . the ruling must be both erroneous and harmful. . . . The burden of proving harmful error rests on the party asserting it . . . and the ultimate question is whether the erroneous action would likely affect the result." (Citations omitted.) *Manning* v. *Michael*, 188 Conn. 607, 611, 452 A.2d 1157 (1982). The plaintiff contends that he "believes that the court would have benefitted in making its decision if it had heard oral argument on the [m]otion to [d]ismiss." Given the extent of the patent deficiencies in the notice, however, and the plenary standard of review that we

apply in this case, the court's failure to hold oral argument on the motion before granting it was harmless error. We therefore reject the plaintiff's claim that the court improperly failed to hold oral argument on the motion to dismiss before granting it warrants a reversal of the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

[2] The plaintiff's statutory notice refers to "Ross Street," not Ross Road, in Middlefield. We nonetheless treat the plaintiff's references as being to Ross Road. The parties do not dispute that the plaintiff intended to refer to Ross Road, and the court likewise treated the plaintiff's references to Ross Street as being to Ross Road.

[3] The tax assessment map also contains building lot numbers that are printed on the map. The building lot numbers 136 and 140 are situated on the section of Main Street that runs in the generally north and south direction. Those building lots are located to the south of the intersection of Main Street and Ross Road. Building lot number 143 is located to the east of the intersection of Main Street and Ross Road. The building lot numbers and the house numbers are not situated on the same pieces of property. The plaintiff's statutory notice simply makes reference to the "properties known as" "136," "140" and "143." The plaintiff has not challenged, either in the trial court or in this court, the trial court's interpretation of the phrase "properties known as" to be a reference to the house numbers rather than the building lot numbers. Thus, we will treat the plaintiff's statutory notice as referring to house numbers rather than building lot numbers, as did the trial court.

[4] During oral argument before this court, the plaintiff referred to the tax assessment map and argued that the description in his notice pertained to the building lot numbers 136, 140, and 143 located south of Main Street's intersection with Ross Road, not to the three house numbers 136, 140, and 143 that are located to the northeast of the intersection and that were handwritten on the map. This argument does not help his case. First, the court looks to the written notice to ascertain its adequacy and to determine whether it provides reasonable definiteness regarding the time, place, and location of the accident. See *Ozmun* v. *Burns*, supra, 18 Conn. App. 680–81 (rejecting plaintiff's argument that notice was sufficient where plaintiff claimed (1) statute only required general description and (2) availability of photographs contributed to making notice sufficient).

Second, the plaintiff's notice only uses the phrase "property known as" when referring to numbers 136, 140 and 143. There is no clarification in the notice that was served on the defendant and presented to the court that the phrase "property known as" was meant to refer to building lot numbers rather than house numbers. Because the house numbers and building lot numbers connote very different locations on the map, there is an inherent ambiguity in the notice that the plaintiff provided. That ambiguity itself supplies a further basis to conclude that the plaintiff's notice was insufficient because the description of two completely different locations of the place of injury does not provide sufficient information that would have permitted the defendant to gather information about this case intelligently. Indeed, the accident could not have happened both where the building lots 136, 140, and 143 were located and also where the house numbers 136, 140, and 143 were located. See *Zotta* v. *Burns*, 8 Conn. App. 169, 174, 511 A.2d 373 (1986) (notice is at best ambiguous and therefore insufficient under § 13a-144 when it describes two locations where alleged accident occurred).